## Sallie A. Gibbs v. John A. Scales et al.

### Decided February 20, 1909.

**1.—Tax Suit—Citation by Publication—Judgment—Collateral Attack.**

A judgment in a suit for taxes recited that citation had been duly made by publication; the affidavit for citation by publication by the county attorney was in statutory form, affiant stating that the owners of the land in contro-

versy were unknown to him and after diligent inquiry could not be ascertained. An attack upon the judgment on the ground that said affidavit was fraudulently made and the judgment was therefore void, was a collateral attack based upon facts dehors the record and could not be allowed.

### 2.—Same—Cases Distinguished.

Where the evidence fails to show that the owner was in possession of the land when the foreclosure suit for taxes was filed and citation by publication to unknown owners was issued, the cases of Hollywood v. Wellhausen, 28 Texas Civ. App., 541, and Bingham v. Matthews, 39 Texas Civ. App., 41, have no application.

### 3.—Same—Cases Distinguished.

The cases of Babcock v. Wolffarth, 35 Texas Civ. App., 512; Stoneman v. Bilby, 43 Texas Civ. App., 293; and Earnest v. Glaser, 32 Texas Civ. App., 378, are applicable only in cases where the judgment assailed fails to recite service of citation.

### 4.—Judgment—Recital of Service.

When a judgment recites service of citation, it is not subject to collateral attack for lack of proper service in the absence of some recital identifying the precise writ of citation upon which the court acted.

### 5.—Citation by Publication—Requirements.

Citations by publication in tax suits are not required to be addressed to any officer and need not require any officer to make return thereof.

### 6.—Tax Suit—Judgment.

A judgment in a tax suit decreeing that the order of sale to be issued thereon should have the force and effect of a writ of possession and that the officer making the sale of the land by virtue thereof should place the purchaser in possession, was erroneous, but such error did not invalidate the entire judgment, the erroneous portion should be treated as surplusage.

### 7.—Tax Sale—Purchase by County Attorney.

In the absence of proof of fraud in making the purchase, a purchase of land at tax sale by a county attorney who represented the State in the suit, is not contrary to public policy. Such rule applies only when the purchase is made by the officer who is conducting the sale.

Appeal from the District Court of Hartley County. Tried below before Hon. J. N. Browning.

*James & Yeiser,* for appellant.—The petition to foreclose the tax lien on the land in controversy against unknown owners was void as to appellant because the nonresident tax roll of Hartley County showed the land in controversy rendered for 1891 in the name of Barnett Gibbs, appellant's husband, and such record was notice to the State of the ownership of the land, and a suit against unknown owners was unauthorized and does not bind the appellant. Green v. Robertson, 30 Texas Civ. App., 236; Bingham v. Matthews, 39 Texas Civ. App., 41; Bradley v. Janssen, 93 S. W., 506; Schaffer v. Davidson, 44 Texas Civ. App., 100; Hollywood v. Wellhausen, 28 Texas Civ. App., 541.

The citation in the tax suit was void, because it failed to state that the taxes constituted a lien on the land, and that the action was brought to foreclose the same. Netzorg v. Green, 26 Texas Civ. App., 119.

The citation in the tax suit was void because it was not addressed

to "all persons owning or having or claiming any interest in the land in controversy," but was addressed to "unknown owners," and therefore conferred no power on the court to proceed to judgment. Laws 1897, p. 138, sec. 15.

The citation in the tax suit was void because it did not command the sheriff or any constable of Hartley County to serve and return same, and was not so served and returned. State v. Unknown Owner, 47 Texas Civ. App., 188; Chap. 103, sec. 7, p. 134, Acts 1897.

The judgment and order of sale in the tax proceeding were void because they provided that the order of sale should have the force and effect of a writ of possession against the owner of the land in controversy, and directed that the purchaser under same be placed in possession within thirty days after the day of sale. Masterson v. State, 17 Texas Civ. App., 94.

The court erred in admitting in evidence defendants' chain of title, over the objection of plaintiff that the same was void because the citation in the tax proceeding under which they claimed was not addressed to "all persons owning or having or claiming any interest in the land in controversy," but was addressed to "unknown owners." Laws 1897, p. 138, sec. 15.

Where a judgment, although reciting that the defendant was duly served, further recites the character of service on which the same was rendered, such service can be used in evidence in a collateral proceeding to show that the court acted without having acquired jurisdiction. Martin v. Burns, 80 Texas, 679; Fowler v. Simpson, 79 Texas, 616; Lutcher v. Allen, 43 Texas Civ. App., 43; Martin v. Cobb, 77 Texas, 546; Stoneman v. Bilby, 43 Texas Civ. App., 293.

*Webb & Joiner* and *Turner & Boyce,* for appellees.—The record in a judgment rendered by the District Court foreclosing lien for taxes can not be contradicted in a collateral attack. Kenson v. Gage, 34 Texas Civ. App., 547; Babcock v. Wolffarth, 35 Texas Civ. App., 512; Stoneman v. Bilby, 43 Texas Civ. App., 293; Earnest v. Glaser, 32 Texas Civ. App., 378; Dunn v. Taylor, 94 S. W., 347; Williams v. Young, 90 S. W., 942; Young v. Jackson, 110 S. W., 74; McCarter v. Neil, 6 S. W., 732; Eitel v. Foote, 39 Cal. 439; Gribble v. Livermore, 67 N. W., 213; McGregor v. Morrow, 21 Pac., 157; Black on Judgments, secs. 246, 247, 279, 795, 287.

The citation, after the preamble, is addressed as provided by law, and is in the exact language of the form provided in such instances by the statute, and does require the owners "to show cause why judgment shall not be rendered condemning said land, and ordering sale and foreclosure thereof for said taxes and costs of suit." Rev. Stats., art. 5230o; State v. Unknown Owner, 47 Texas Civ. App., 188; Young v. Jackson, 110 S. W., 78.

The affidavit made by S. W. Oakes, publisher, that the citation had been published as required by law, is sufficient return on a collateral attack of the judgment. Young v. Jackson, 110 S. W., 78.

The judgment having recited that citation had been duly had by publication, such recitation can not be shown to be false on collateral attack. Lawlor v. White, 27 Texas, 250; Earnest v. Glaser, 32 Texas

Civ. App., 378; Kenson v. Gage, 34 Texas Civ. App., 547; Babcock v. Wolffarth, 35 Texas Civ. App., 512.

Such erroneous provision of the judgment and order of sale could not have the effect of rendering the entire judgment absolutely void; the remedy for correction of such error being by appeal or by some attack thereon in an issue in a controversy over the possession of the land, during the two years allowed for redemption. Bean v. City of Brownwood, 43 S. W., 1036; Kenson v. Gage, 34 Texas Civ. App., 547.

DUNKLIN, ASSOCIATE JUSTICE.—This suit was instituted by Mrs. Sallie A. Gibbs against John A. Scales and W. Boyce in the District Court of Hartley County to recover the Joseph Welsh survey of one hundred and seventy-seven acres of land, and from a judgment in favor of the defendants the plaintiff has appealed. The plaintiff's original petition was in the usual form of trespass to try title. To this petition the defendants filed general denial, plea of not guilty, and special answers in which both defendants pleaded a judgment in favor of the State against the unknown owners of the land in controversy of date May 10, 1899, rendered by the District Court of Hartley County, foreclosing a lien for taxes due the State and said county, and a deed of conveyance of date July 4, 1899, executed by the sheriff of said county to defendant W. Boyce under and by virtue of an order of sale issued on said judgment, and defendant Scales further pleaded a deed of conveyance from W. Boyce to himself for a valuable consideration paid to Boyce by Scales.

The evidence introduced upon the trial established a regular chain of title to the land from the State down to J. W. Haynes, plaintiff's father, who by will in due form and duly probated devised the land to the plaintiff; and the judgment and deeds of conveyance pleaded by defendants were also established by proof. The judgment was for taxes due the State and county on the property for the years 1892 to 1896, both inclusive. The land was assessed for taxes for the year 1891 on the nonresident tax rolls of the county in the name of plaintiff's husband, Barnett Gibbs, who then resided in Dallas County and who died in 1896, and Dallas County was the place of plaintiff's residence at the date of the institution of the suit and at the date of the judgment. W. Boyce was the county attorney of Hartley County and in that official capacity represented the plaintiff in the institution of the suit and in its prosecution to final judgment. He was likewise county attorney of Hartley County when he purchased the land under the foreclosure sale by the sheriff. The judgment was upon service by publication, was regular in all respects, specifically reciting that citation had been duly had by publication, and decreed a lien with foreclosure thereof for the taxes due for the years 1892 to 1896, inclusive, and was in favor of the State against all persons (said persons being unknown) owning, having or claiming any interest in the land, and directed the clerk to issue an order of sale to sell the same for the purpose of satisfying said taxes and costs of suit, subject to the right of the owner to redeem the same within two years.

The affidavit for the issuance of the citation was made by W. Boyce

as attorney for the State, was in statutory form, affiant stating therein that the owners of the land in controversy were unknown to him and, after inquiry, could not be ascertained. By supplemental petition duly filed, plaintiff alleged that this affidavit of the county attorney was fraudulently made, and that by reason thereof the judgment of foreclosure was void. The trial court sustained general and special exceptions to this pleading on the ground that it was a collateral attack on the judgment, and in this ruling we think there was no error. This was clearly a collateral attack upon the judgment, based upon alleged facts *dehors* the judgment and all other records in the suit, which could not be sustained in view of the affidavit for citation by publication and recitals of service in the judgment, above noted. (Crawford v. McDonald, 88 Texas, 626; Kenson v. Gage, 34 Texas Civ. App., 547; Scudder v. Cox, 35 Texas Civ. App., 416.) The evidence failing to show that appellant was in possession of the land when the foreclosure suit was filed and when citation was issued therein, the cases of Hollywood v. Wellhausen, 28 Texas Civ. App., 541, and Bingham v. Matthews, 39 Texas Civ. App., 41, relied on by her, are therefore not applicable. Other authorities cited by appellant, such as Babcock v. Wolffarth, 35 Texas Civ. App., 512; Stoneman v. Bilby, 43 Texas Civ. App., 293, and Earnest v. Glaser, 32 Texas Civ. App., 378, are applicable only in cases where the judgment assailed fails to recite service of citation.

Appellant calls our attention to the decision of our Supreme Court in Martin v. Burns, Walker & Co., 80 Texas, 679, and Fowler v. Simpson, 79 Texas, 617, to the effect that when the judgment recites the precise character of service upon which it is rendered, then proof is admissible to show that the service was not as required by law; and upon these authorities the contention is made that in view of the recital in the judgment of foreclosure in question that citation was by publication, the trial court erred in sustaining defendant's exceptions to the allegations in plaintiff's supplemental petition that the citation was not addressed to all persons owning or claiming any interest in the land in controversy; that it was not addressed to the sheriff or any constable of Hartley County, and that it failed to state that the taxes claimed in the petition constituted a lien on the land.

In the case of Martin v. Burns, Walker & Co., *supra,* the judgment assailed failed to recite any service of citation, and the only authority therein cited to sustain the announcement above noted, which was not necessary to a decision of that case, was Fowler v. Simpson, *supra;* and in the latter case the court said, "The judgment now in question identifies, by referring to its date, the return of the officer and the writ upon which the court's conclusion of lawful service is based. Instead of relying upon a presumption, it points out the proof upon which its validity depends. It would be doing violence to the recitals of the judgment itself to doubt upon what evidence of the service of its process the court was acting." If the judgment recites service of citation, then, in the absence of some recital identifying the precise writ upon which the court acted, such as was contained in the case last cited, we do not believe the judgment is subject to a collateral attack for lack of proper service. However, irrespective of this view,

the citation offered by appellant in support of these allegations is contained in a bill of exception appearing in this record, and we think the same was in substantial compliance with the statutory requirements. It is not addressed to the sheriff or any constable, but is addressed directly to the defendants, and the affidavit of the publisher of the newspaper publishing it shows publication thereof as required by law. We find no statute requiring such citations to be addressed to any officer, nor requiring any officer to make return thereof; we therefore overrule appellant's contention last noted. (Young v. Jackson, 50 Texas Civ. App., 351.)

That portion of the judgment decreeing that the order of sale to be issued thereon should have the force and effect of a writ of possession and that the officer making the sale of the land by virtue thereof should place the purchaser in possession, was improper, but it did not invalidate the judgment in its entirety, and should be treated as surplusage only. (Masterson v. State, 17 Texas Civ. App., 94.)

Sayles' Revised Statutes, article 5232g, provides that when land is offered for sale by the sheriff under a judgment foreclosing a lien for taxes, if there be no bidder for such land the county attorney shall bid the same off to the State for the amount of all taxes, penalties, interest and costs adjudged against the property. Appellant insists that W. Boyce, being the county attorney of Hartley County at the time he purchased the land in controversy under the foreclosure sale, he should have bid the property off to the State, and that therefore his purchase of same for his own use and benefit was contrary to public policy and void. In support of this contention appellant cites Edwards v. Estell, 48 Cal., 194, and Clute v. Barron, 2 Mich., 192. In the case first cited a purchase by a surveyor of public land, and in the second case cited a purchase by a tax collector of lands he sold for taxes, were both held to be contrary to public policy and therefore void. But in these cases, and others we have examined, where sales of like character were likewise held void, the purchasers were the officers making the sales and selling to themselves, or else were charged by law with some duty relative to making the sale, the performance of which was necessary to a valid sale. It will be noted that the statute quoted above requires the land to be bid in for the State only when there are no bidders for the same, thus evidencing the policy of the State to become the purchaser only when it is necessary to do so in order to collect the taxes due. It is not made the duty of the county attorney to sell the land, that being the official duty of the sheriff, and in the absence of allegations of fraud in making the purchase, we do not think that it can be said that the purchase by W. Boyce was contrary to public policy and therefore void. Walcott v. Hand, 27 S. W., 333. In the case last cited a tax collector was the purchaser under a tax sale by the sheriff, and the contention was made that the transaction was void as being contrary to public policy, but the Supreme Court of Missouri rendering the decision held the deed valid, citing Dillinger v. Kelley, 84 Mo., 565, and Briant v. Jackson, 99 Mo., 585, and saying: "A careful examination of each and every case cited by plaintiffs discloses that in every instance in which the sale was held void or voidable it was under a tax law in which the collector himself

made the sale, and either by himself or deputy purchased the land, or if sold by a sheriff or constable, he purchased at his own sale." See also 1 Blackwell on Tax Titles, sec. 604.

Finding no error in the record the judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.