SPAULDING MANUFACTURING COMPANY *v.* GODBOLD.

Opinion delivered October 18, 1909.

1. JUDGMENT—EFFECT OF TAKING IN NAME OF PARTNERSHIP.—The objection that a judgment was taken in the name of a partnership, instead of in the name of the partners who composed it, is waived where it was not raised either by demurrer or answer, and the judgment became a valid one upon which execution might issue. (Page 65.)

2. DEEDS—CONVEYANCE TO PARTNERSHIP.—While a conveyance of land to a partnership by its firm name, which does not include the name of any of the partners, does not vest the title at law, the rule is otherwise in equity, which treats that as done which ought to be done. (Page 65.)

3. REFORMATION OF EXECUTION DEED—MISTAKE.—Where an execution deed by mistake conveyed land to a partnership by its name, which did not include the name of any of the partners, the mistake may be corrected in equity in a suit to which the sheriff or his successor in office is a party. (Page 66.)

Appeal from Columbia Chancery Court; *E. O. Mahoney,* Chancellor; reversed.

*Stevens & Stevens,* for appellant.

1. The sheriff's deed conveyed the legal title. 28 Ark. 76-79. In 1 L. R. A. (N. S.) 161, it is said only an equitable title passes. The better view is that such a deed is a *latent* ambiguity, and open to explanation by which the real party is disclosed and the deed treated as if the names were inserted. 68 Ark. 151. The following cases hold that the parties take an equitable title when the grantee is a firm name. 71 N. C. 492; George on Partnership, p. 112; 36 Ark. 456; 68 Ark. 157; 1 L. R. A. (N. S.) 157; 16 Pac. 43.

2. A sheriff's deed may be reformed. 28 Ark. 372; 60 *Id.* 487. The deed recites all the statutory requirements, and the mistake was that of the draftsman. 67 Ark. 80; 85 *Id.* 25; 71 Ark. 487.

*C. W. McKay* and *J. G. Lile,* for appellee.

1. The demurrer was properly sustained, as the deed was void. 36 Ark. 456.

2. The chancery court had no jurisdiction to reform the sheriff's deed. 73 Ala. 562; 55 Mo. 500; 11 Barb. 173; 75 Ark. 6; 60 *Id.* 487; 67 *Id.* 80.

3. Appellants by their amended complaint admit they have no valid legal title, and to maintain this suit such a title is necessary. 15 Cyc. 17; Kirby's Digest, § 2737; 36 Ark. 456; 56 *Id.* 391.

HART, J. The controversy in this case is about the title to certain lands in Columbia County, Arkansas. An action in ejectment therefor was commenced by the Spaulding Manufacturing Company against S. A. Godbold in the Columbia Circuit Court.

The complaint alleges that the Spaulding Manufacturing Company is a partnership, composed of H. W. Spaulding, F. E. Spaulding and E. H. Spaulding. The deed relied upon to support the action is a sheriff's deed under execution, and is made an exhibit to the complaint. The deed recites that the execution was issued and came to the hands of the sheriff on the 27th day of July, 1905; that the Spaulding Manufacturing Company obtained a judgment against G. A. Godbold, and that the execution was issued on that judgment; that the levy and sale was made under the execution, and that the Spaulding Manufacturing Company became the purchaser; that the grantee named in the deed was the Spaulding Manufacturing Company. The defendant Godbold excepted to the deed for the reason that there was no grantee named in the deed. The circuit court sutained the exception, and ordered that the deed be stricken from the record for the reason that it was not entitled to be used as evidence on the trial of the cause.

The plaintiff then moved that the cause be transferred to equity, and as grounds stated that the land was purchased by the individual partners at the execution sale, and that by mistake of the draftsman the firm name, instead of the names of the partners, was written in the deed as grantee. They asked that the deed be reformed, and that when so reformed or a new deed executed the possession of the land be given to them. The court granted the motion, and transferred the cause to the chancery court. On motion of the plaintiff, the chancery court ordered that the motion to transfer the cause to the chancery court be made

an amendment to the complaint. Whereupon the defendant demurred to the complaint. The court sustained the demurrer and dismissed the action. The plaintiffs have appealed to this court.

It is contended by counsel for appellee that the judgment recited in the sheriff's deed under execution is void for the reason that it was rendered in the firm name, and not in the names of the individuals composing the firm, and that the deed therefore conveys no title.

It has been expressly held in Missouri that judgments rendered in favor of a firm, by the firm name, are not void. *Davis* v. *Kline,* 76 Mo. 310. See also *Conrades* v. *Spink,* 38 Mo. App. 309.

In the case of *Frisk* v. *Reigelman,* 75 Wis. 499, the court said: "Bringing the action in the firm name does not render the judgment void, but is a mere defect or irregularity, which is waived unless due objection be made thereto before judgment." See also 15 Ency. of Pleading & Practice, p. 840 and 841.

Section 6093 of Kirby's Digest provides that the defendant may demur to the complaint where it appears on its face that the plaintiff has not legal capacity to sue.

In construing this section in the case of *Pettigrew* v. *Washington County,* 43 Ark. 33, the court held that the judgment should have been favor of the State, the obligee in the collector's bond, or of the county treasurer, the real party in interest. The judgment in fact was rendered in the name of the county. The court said: "This was a matter of form, rather than of substance, and since the objection to the plaintiff's capacity to sue for this demand was not taken either by demurrer or answer it must be deemed to have been waived." From which we deduce that, no objection having been made to the judgment being taken in the name of Spaulding Manufacturing Company in the original suit, the defect of parties was waived, and the judgment became a valid one, upon which execution might issue.

It is next objected that the naming of the Spaulding Manufacturing Company as the grantee in the sheriff's deed under execution renders the deed void. This is not a case like that of *Percifull* v. *Platt,* 36 Ark. 456, and *Cooper* v. *Newton,* 68 Ark. 157, where the style of the firm includes the names of one of the partners, and the court held that the legal title was conveyed to

such partner, and that he became in equity a trustee for the other partners to the extent of their interest. In the present case the firm name includes the name of no person.

It is the general rule that a conveyance to a partnership by its firm name, which does not include the name of any of the partners, does not vest in it any legal title because the partnership is not recognized in law as a person. Because the deed is void at law, it by no means follows that the same rule applies in equity. The appellees allege in their amended complaint that the individual members of the firm were the purchasers of the land at the execution sale, and that by mistake of the draftsman the name of the firm, instead of the names of the persons who composed the firm, was written in the deed. It is a fundamental principle of equity that it regards and treats that as done which in good conscience ought to be done, and, as said by Mr. Pomeroy, "it is only by looking at the intent, rather than at the form, that equity is able to treat that as done which in good conscience ought to be done."

Again, it is contended that a court of equity will refuse to aid the defective execution of statutory powers, and the cases of *Tatum* v. *Croom,* 60 Ark. 487, and *Landon* v. *Morris,* 75 Ark. 6, are cited to support that contention. In those cases the mistake was not only in the execution of the deed, but in the proceedings anterior to that, and upon which the sale was based. But in the present case it will be observed that there was no irregularity or defect in the execution, or the proceedings thereunder, as was the case in *Tatum* v. *Croom* and *Landon* v. *Morris, supra,* but under the allegations of the complaint the execution and the proceedings under it were regular in all respects, and the only mistake was in the execution of the deed itself. The individuals who composed the the firm are alleged to have purchased the lands in question, and the primary object of the action as it now stands under the pleadings is merely to correct the deed by inserting therein the true names of the grantees. The interest in the land of Godbold, the execution debtor, was divested out of him by the sale under the execution and his subsequent failure to redeem within the statutory period; and it would be inequitable to deny appellees the relief prayed for. The sheriff who made the sale or his successor in office would be a necessary party to obtain the relief prayed.

The decree is therefore reversed, and the cause remanded with leave to appellees to make such new parties as they are advised it is necessary to do.