### HAWKINS *v.* SIMMONS.

#### Opinion delivered October 6, 1924.

1. JUDGMENT—PARTIES—MODE OF RAISING OBJECTION.—Objection to a judgment in favor of G. G. S. & Company that it fails to show whether G. G. S. & Company constitutes a partnership or a corporation is waived where no objection was raised in the proceedings in which the judgment was rendered, either by demurrer or answer.

2. JUDGMENT—PARTIES—VALIDITY.—A judgment in favor of G. G. S. & Company, where G. G. S. & Company is a corporation, is a valid judgment in favor of such corporation; but if G. G. S. & Company is a partnership, the judgment is a valid judgment in favor of G. G. S., the partner named in the judgment.

Appeal from Union Circuit Court; *L. S. Britt,* Judge; affirmed.

*Wilson & McGough,* for appellants.

Certiorari was the proper remedy for appellant to pursue. 68 Ark. 207; 44 Ark. 509; 54 Ark. 375. Appellant did not sign the note, nor was she properly served with summons. The evidence shows collusion between the justice of the peace and the plaintiff, such as would entitle appellant to the relief asked. 30 Ark. 17; 82 Ark. 415. The justice had no jurisdiction over the appellant since she was not properly summoned as a party, but only as a witness. 43 Ark. 232. Plaintiffs were not entitled to maintain the suit, since they failed to show whether they constituted a partnership or a corporation. 150 Ark. 398; 148 Ark. 323; 94 Ark. 55.

*S. E. Gilliam,* for appellee.

Certiorari was not the proper remedy. 20 Ark. 573; 21 Ark. 475; 47 Ark. 511; 55 Ark. 200. The defect com-

plained of by appellant, that it was not shown whether or not appellee was a corporation or a partnership, could only be reached by appeal. 92 Ark. 63; 66 Ark. 582; 96 Ark. 344; 17 Ark. 580; 114 Ark. 304. A plaintiff may sue for a less sum than his debt, thereby remitting the excess, to bring the case within the jurisdiction of the justice court. 7 Ark. 260; 10 Ark. 328; 60 Ark. 146. The granting of writs of certiorari by the circuit court directed to justices of the peace are matters within the sound discretion of the court. 52 Ark. 213; 192 S. W. 887.

McCULLOCH, C. J. Appellees instituted an action for debt against appellant, Mrs. F. W. Hawkins, and also against her husband, before a justice of the peace in Union County, and on January 20, 1923, the return day of the summons, all the parties appeared in person, the case was heard by the justice of the peace, and judgment rendered against both of the defendants. After the expiration of ten days from the date of said judgment, execution was issued on the judgment and returned by the officer *nulla bona,* and thereafter, on February 21, 1923, a copy of the judgment was filed in the office of the circuit clerk and execution issued thereon. Mrs. Hawkins, the appellant, thereupon brought the record before the circuit court of Union County on certiorari and sought to quash the judgment on the ground that it was rendered after the action had been dismissed as to her and without any further notice to her. The case was tried before the circuit court upon oral testimony, and there was a finding and judgment against appellant. Each party introduced several witnesses in support of their respective contentions as to the course of the proceedings before the justice of the peace.

It is conceded that appellant and her husband, who were both defendants in the action, appeared before the justice of the peace on the return day of the summons, and that appellant's husband moved for a continuance of the case or account of the absence of his attorney, and that, upon the overruling of the motion for a continuance, he left the room where the court was being

held. Appellant remained in the room, and, at the trial, took the witness stand in her own behalf, and testified as a witness.

Appellant contends, and so testified in the trial below, that, after she had testified in the case, the justice of the peace announced that the action against her was dismissed, that there was no further notice to her of an attempt to hold her liable in the case, and that the judgment rendered on that day by the justice of the peace was solely against her husband. The testimony of other witnesses introduced by her tended to support her contention that the action against her was dismissed, or rather, that she was "discharged," as some of the witnesses expressed it.

The justice of the peace and several other witnesses introduced by appellees testified that the action against appellant was not dismissed, but that the trial of the cause proceeded to a final judgment in her presence, and that judgment was rendered in her presence against her as well as against her husband.

Some of the witnesses testified that appellant, after she had completed her testimony, remained in the witness chair until the justice of the peace told her that she was discharged, meaning that she was discharged from the witness stand. But it was a question for the decision of the trial court whether or not, under the circumstances, appellant was led to believe that the action against her was dismissed. There was a sharp conflict in the testimony, and we are not at liberty to disturb the finding of the trial court on an issue of fact about which there was a conflict in the testimony. There being sufficient testimony to sustain the finding of the trial court, we must treat the issue as settled against appellant's contention that the action against her was dismissed, or that she was so led to believe, to her prejudice.

It is further urged that the judgment is void because it does not affirmatively show whether appellees, G. G. Simmons & Company, constitute a partnership or a corporation. Such a defect in the judgment is not avail-

able unless raised directly by demurrer or answer in the proceedings in which the judgment was rendered, for the judgment is not void. *Spaulding Mfg. Co.* v. *Godbold,* 92 Ark. 63. In addition to that principle, which is conclusive against the contention of appellant, it may be said that the fact that the initials of one of the copartners, if there exists a copartnership and not a corporation, is sufficient to obviate any defect in the judgment. If there is a corporation, the judgment is valid, and if there is a copartnership, there is a valid judgment in favor of the partner named in the proceedings. *Percifull* v. *Platt,* 36 Ark. 456; *Cooper* v. *Newton,* 68 Ark. 150.

It appearing that the findings of the trial court on the issues of fact are supported by sufficient evidence, and there being no error in the proceeding, the judgment must be affirmed, and it is so ordered.