## FIRST NAT. BANK OF HOUSTON v. C. H. MEYERS & CO. (No. 3221.)

(Court of Civil Appeals of Texas. Texarkana. April 8, 1926.)

**1. Garnishment ⬤⟲175.**

Valid judgment against principal defendant in garnishment suit is essential to validity of judgment against garnishee.

**2. Judgment ⬤⟲17(3) — Service of notice of suit on foreign corporation as nonresident defendant did not authorize default judgment against it (Vernon's Ann. Civ. St. Supp. 1922, art. 1869).**

Service of notice of suit on foreign corporation as nonresident defendant, under Vernon's Ann. Civ. St. Supp. 1922, art. 1869, did not authorize default judgment against it.

**3. Garnishment ⬤⟲97, 175.**

Whether judgment against garnishee is valid depends on sheriff's return of writ, and if return is incorrect in any respect, it should be corrected before judgment is rendered.

**4. Banks and banking ⬤⟲224—Service of writ of garnishment on vice president of bank held ineffectual, "president" not including "vice president" (Vernon's Sayles' Ann. Civ. St. 1914, arts. 278, 1860, 1861).**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 278, 1860, service of writ of garnishment on vice president of bank as garnishee was ineffectual, service on president of bank "president" not including "vice president," in view of article 1861.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Vice President; First and Second Series, President.]

**5. Banks and banking ⬤⟲224—Service of writ of garnishment on vice president of bank held not effectual as service on "local agent" within county, nor as leaving copy at principal office where sheriff's return did not state service in such ways (Vernon's Sayles' Ann. Civ. St. 1914, arts. 278, 1860).**

Service of writ of garnishment on vice president of bank was not effectual as service on "local agent" of bank in county, nor as service by leaving copy of writ at principal office of bank, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 278, 1860, where sheriff's return did not recite service in those ways.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Local Agent.]

Appeal from Harris County Court; Roy Scruggs, Judge.

Suit by C. H. Meyers & Co. against the Union School Furnishing Company, with the First National Bank of Houston as garnishee. From a judgment for plaintiff, the garnishee appeals. Reversed and remanded.

Boyles, Brown & Scott and Pat N. Fahey, all of Houston, for appellant.

Wolters, Blanchard, Woodul & Wolters, of Houston, for appellee.

WILLSON, C. J. This appeal by the First National Bank of Houston, Tex., a corporation, is from a judgment against it (as garnishee of the Union School Furnishing Company) in favor of appellee, C. H. Meyers & Co., a partnership, for the sum of $480. The Union School Furnishing Company, the defendant in the suit, was an Illinois corporation. The notice to it was that to a nonresident defendant provided for in article 1869, Vernon's Statutes, as amended in 1919 (Vernon's Ann. Civ. St. Supp. 1922, art. 1869). It made no answer to the suit, and judgment by default was rendered against it, subjecting funds belonging to it in the bank's hands at the time the writ of garnishment was served as hereinafter stated to the claim of appellee against it.

In its application for the writ of garnishment, appellee alleged that the bank was incorporated under the laws of the United States, and that "its offices and principal place of business and domicile was in Houston, Tex.; and it alleged, further, that John T. Scott, the president, and F. M. Law, the vice president, of the bank, were resident citizens of Houston, Harris county, Tex., upon whom service of the writ applied for could be had. The sheriff's return on the writ of garnishment showed that it was executed "by summoning the First National Bank of Houston, a corporation, the within named garnishee, by delivering to Mr. Law, vice president of the said First National Bank, in person, a true copy of this writ, together with certified copy of plaintiff's original petition."

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Without questioning whether service of the writ on its vice president bound it to do so or not, appellant answered the writ, saying, in effect, that it was indebted to the school furnishing company in the sum of $563.85 at the time of such service, but that thereafter, due, it alleged, to an excusable mistake, the circumstances of which were set out at great length, it had paid its said indebtedness, and at the time it answered was not indebted to said School Furnishing Company in any sum.

The contention first presented by the assignments, and the only one it will be necessary to consider, is that the court below was without power to render the judgment it did render against the garnishee.

[1, 2] It is held that a valid judgment against the principal defendant in a garnishment suit is essential to the validity of a judgment against a garnishee. Insurance Co. v. Seeligson (Tex. Civ. App.) 59 Tex. 3; Produce Co. v. Bank of Paducah (Tex. Civ. App.) 141 S. W. 154; Shoe Co. v. Mercantile Co. (Tex. Civ. App.) 200 S. W. 250; Mercantile Co. v. Hughes-Bozarth-Anderson Co. (Tex. Civ. App.) 189 S. W. 784. As the service on the School Furnishing Company of a notice as provided by the statute referred to above did not authorize the court below to render a judgment against said School Furnishing Company (Railway Co. v. Emerson, 94 S. W. 1105, 43 Tex. Civ. App. 281; Findlay v. Lumsden [Tex. Civ. App.] 171 S. W. 818), it follows that the judgment against it, and the judgment against the garnishee as well, was invalid, unless the court acquired power to render same by force of the service of the writ of garnishment on appellant's vice president, for, it seems, jurisdiction of the court was not predicable on appellant's waiver of the question as to whether such service was valid or not (Gilbert Book Co. v. Pye, 95 S. W. 8, 43 Tex. Civ. App. 183, and authorities there cited; Pumphrey v. Hunter [Tex. Civ. App.] 270 S. W. 237; Harrell v. Mexico Cattle Co., 11 S. W. 863, 73 Tex. 612).

[3] Whether the contention specified should be sustained we think depends upon whether it appeared from the officer's return on the writ of garnishment that valid service of the writ was had upon appellant or not. We say whether it appeared from the officer's *return on the writ* because we think his return alone could be looked to in determining the question; for if the return was incorrect in any respect the parties concerned should have had it corrected before the judgment was rendered. 21 R. C. L. 1329.

As noted above, it appeared from the return that service of the writ was on appellant's vice president. The requirement of the statutes applicable was that the service should be on appellant's president, secretary, or treasurer, or upon its local agent in Harris county, or by leaving a copy of the writ at appellant's principal office. Articles 1860 and 278, Vernon's Ann. Civ. St. 1914. The rule, it seems, is that "service of process, to be binding upon a corporation, must be made upon the identical officer or agent, or one of the officers or agents prescribed by the statute." Miller v. Bank (Tex. Civ. App.) 184 S. W. 614; Railway Co. v. Kelley (Tex. Civ. App.) 83 S. W. 855; Winslow v. Railway Co., 4 N. Y. S. 169, 51 Hun, 298; Walker v. Illinois Torpedo Co. (Tex. Civ. App.) 278 S. W. 456; Implement Co. v. Schmidt (Tex. App.) 16 S. W. 174; Furniture Co. v. Alvarado (Tex. Civ. App.) 246 S. W. 1111.

[4, 5] Appellee argues, in support of the sufficiency of the service and the power of the court to render the judgment, that the word "president" as used in the statute "includes, not only a president, but a vice president." We do not think so. That the Legislature did not intend the word to be so construed we think is shown by the fact that in the article (to wit, 1861) following the one referred to above (to wit, 1860), it recognized a distinction when it declared that service of process on a foreign corporation might be on its president, vice president, secretary, etc. Appellee argues, further, that the judgment should be supported on the theory that appellant's vice president was its "local agent" in Harris county, or the theory that service on appellant was effected by leaving a copy of the writ at its principal office. We think it is a sufficient answer to the contention to say that it did not appear from the officer's return that he served or pretended to serve the writ in either of those ways.

As we view the matter, it appeared that the court below was without power to render the judgment it did render. Therefore the judgment will be reversed, and the cause will be remanded to the court below for such further proceedings as are proper in that view.