**STAR CASH GROCERY CO. et al. v. RE-TAILERS' FIRE INS. CO. et al.**
(No. 729.)

Court of Civil Appeals of Texas. Waco.
Nov. 22, 1928.

Rehearing Denied Jan. 3, 1929.

Looney & Stout, of Ennis, for appellants.

T. H. Collier, of Ennis, and Thompson, Knight, Baker & Harris, of Dallas, for appellees.

BARCUS, J. In 1920, the Star Cash Grocery Company recovered a judgment against Mrs. Jennie Weiss for $163.53, from which there was no appeal. Execution was duly issued thereon and returned nulla bona. In 1926, a writ of garnishment was applied for by the Star Cash Grocery Company, reciting that it was a partnership composed of Chas. E. Hogge and Bert McKay, against the Retailers' Fire Insurance Company, a corporation. Mrs. Weiss intervened, and she and the fire insurance company each filed a motion to quash the writ of garnishment, on the ground that the original judgment was a nullity and would not support a writ of garnishment because it was rendered in favor of the Star Cash Grocery Company, without giving the names of the partners who composed same. The trial court on said ground sustained the motions to quash.

Article 2003 of the Revised Statutes requires the plaintiff in his petition to give the names of the parties and their residence if known. It has been uniformly held on a direct appeal that, where the objection had been timely made, it was error for a trial court to render judgment either for or against a partnership without in said judgment giving the names of the partners constituting the partnership. Frank v. Tatum, 87 Tex. 204, 25 S. W. 409; McFaddin, Wiess & Kyle Land Co. v. Texas Rice Land Co. (Tex. Civ. App.) 253 S. W. 916; Id. (Tex. Com. App.) 265 S. W. 888. It is equally well settled, however, that a judgment rendered in the partnership name without naming the respective partners is not a nullity, and same cannot be attacked collaterally and such a judgment will support an execution or a garnishment. Smith v. Chenault, 48 Tex. 455; Stephens v. Turner, 9 Tex. Civ. App. 623, 29 S. W. 937; Corder v. Steiner (Tex. Civ. App.) 54 S. W. 277; Cooke v. Avery, 147 U. S. 375, 13 S. Ct. 340, 37 L. Ed. 209;

Blumenthal v. Youngblood, 24 Tex. Civ. App. 266, 59 S. W. 290; Spaulding Mfg. Co. v. Godbold, 92 Ark. 63, 121 S. W. 1063, 29 L. R. A. (N. S.) 282, and notes, 135 Am. St. Rep. 168, 19 Ann. Cas. 947; Kale v. Humphrey, 67 Okl. 197, 170 P. 223, and authorities there cited.

The only objection urged against the judgment as originally entered was that it was taken in the partnership name without giving the individual names of the partners. Under the authorities cited, we do not think this makes said judgment a nullity, and the trial court erred in so holding, for which error the cause is reversed and remanded.