## MURCHISON OIL CO. v. HAMPTON et al. (No. 12175.)

Court of Civil Appeals of Texas. Fort Worth. July 8, 1929.

Rehearing Denied Sept. 28, 1929.

Fitzgerald, Hatchitt & Pittman, of Wichita Falls, for appellant.

Harry Bunnenberg, of Wichita Falls, for appellees.

DUNKLIN, J. On June 7, 1927, a suit was instituted in the district court of Wichita county against the Goodman Drilling, Company, a private corporation, by the "H. & H. Fuel Oil Company, a co-partnership composed of A. Y. Hampton, J. W. Hampton, and G. O. Cozart" as plaintiff. In the petition filed in that cause occurred the following:

"And for cause of action, plaintiff represents to the court that heretofore, to wit, during the months of February, March and April, in the year 1927, plaintiff at the special instance and request of defendant, furnished, supplied and sold defendant certain goods, wares and merchandise in the sum of $1,585.55.

"That by reason of supplying and selling defendant said wares, goods and merchandise, defendant became obligated to this plaintiff in said sum. That said sum is now long past due and unpaid; that plaintiff has often times made demand for the payment of same, but defendant refuses to pay the same, or any part thereof, to plaintiff's damage in the sum of $1,585.55."

On the same day the suit was instituted, a writ of garnishment was sued out in the case against the Murchison Oil Company, a private corporation, in which the plaintiff and the defendant were described in the same manner as alleged in the original petition. The garnishment writ was duly served upon the garnishee on the day it was issued, after a bond in garnishment had been executed by the plaintiff in double the amount of the debt sued for. The citation in the original suit and the writ of garnishment were both made returnable to the next term of the district court, beginning on July 4, 1927.

On October 4, 1927, an amended petition was filed, the allegations in which·began as follows:

"Now come A. Y. Hampton, John W. Hampton and G. O. Cozart, partners in business under the firm and trade name of H. & H. Fuel Oil Company, and, with leave of the court first had and obtained, file this their first amended original petition in lieu of their original petition filed herein on the 7th day of June, A. D., 1927."

That petition contained the following:

"And for cause of action, plaintiffs would respectfully represent to the Court, as follows:

"That heretofore, to wit, on or about the 21st day of February, A. D., 1927, and more especially during the months of February, March and April, A. D., 1927, plaintiffs, at the special instance and request of defendant, sold and delivered to it, at the several times specified in the account hereto attached, marked Exhibit A, and made a part hereof, certain goods, wares and merchandise in said account mentioned, in consideration whereof the defendant then and there promised plaintiffs to pay them the several sums of money charged therefor in said account specified, amounting to the sum of Fifteen Hundred Eighty Five and 55/100 ($1,585.55) Dollars, at the expiration of thirty days thereafter.

"That said account is past due and unpaid, and defendant, though often requested, has hitherto failed and refused and still fails and refuses to pay the same, or any part thereof, to plaintiffs' damage in the sum of Fifteen Hundred Eighty Five & 55/100 Dollars."

Attached to the petition as Exhibit A was a verified itemized account of fuel oil sold on divers dates during the months of February, March, and April, with prices stated after each item, aggregating the sum of $1,585.55.

On October 4, 1927, a judgment by default was rendered in the original suit against the Goodman Drilling Company for the sum of $1,585.55. The judgment so rendered was in favor of "plaintiffs, A. Y. Hampton, John W. Hampton, and G. O. Cozart, partners in business under the firm and trade name of H. & H. Fuel Oil Company," and recited that the defendant Goodman Drilling Company "although duly cited and served in terms of law to appear herein and answer, came not, but wholly made default."

The judgment further recites that plaintiffs' demand and cause of action was "based on an account, a sworn account of which has been exhibited herein"; and that it also appeared to the court that the defendant was indebted to the plaintiffs, "A. Y. Hampton, John W. Hampton and G. O. Cozart," in the sum for which the judgment was rendered.

The original suit against the defendant Goodman Drilling Company was numbered on the docket of the court as No. 19962–A. The garnishment suit, which was docketed as a separate suit, was numbered 19963–A.

On October 5, 1927, a judgment was rendered in favor of the plaintiffs, naming them as in the judgment in the original suit, against the garnishee, Murchison Oil Company, for the sum of $1,585.55, reciting that plaintiffs had already recovered a judgment against the Goodman Drilling Company for that amount. That judgment further recited that the garnishee, Murchison Oil Company, "though duly and lawfully cited and served, came not on or before appearance day, but wholly made default and has altogether failed to make answer to the writ heretofore issued therein."

The garnishee failed to prosecute an appeal or writ of error from the judgment so rendered against it. But it did institute this suit to set aside and vacate the judgment rendered against it in the garnishment proceedings, and this appeal has been prosecuted by the garnishee from a judgment denying that relief.

The record before us contains a copy of plaintiffs' first amended petition, which was filed October 17, 1928, but it does not show the date of the filing of the original petition. In that petition it was alleged that the garnishee was not indebted to the Goodman Drilling Company, defendant in the original suit, in any sum when the garnishment writ was served upon it, or at any subsequent date, and that neither at the time of service of the writ or at any later date did it have any effects in its hands belonging to the Goodman Drilling Company; nor did it know of any person, corporation, or association that was indebted to the Goodman Drilling Company in any sum.

The record shows that in the original suit no further citation was served upon the defendant the Goodman Drilling Company, nor was there any further writ of garnishment served upon the garnishee after the plaintiffs' amended petition was filed; the only process issued and served upon either the defendant or the garnishee being upon the original petition filed in that suit.

The principal ground upon which plaintiff in the present suit sought to vacate the judgment theretofore rendered against it as garnishee was that the filing of the amended petition in the original suit upon which judgment was rendered was the institution of a new cause of action, separate and distinct from that alleged in the original petition; that the judgment rendered against the Goodman Drilling Company without service of additional citation was therefore void, and that by reason thereof, coupled with the further failure to serve the garnishee with another writ after the filing of the amended petition, the judgment was likewise void.

In the same connection, and in order to further show that both of said judgments were void for lack of further service of process after the amended petition was filed, the point was made in the pleading and brought forward here that, the copartnership of the H. & H. Fuel Oil Company not being a legal entity, the original petition filed in its name in the former suit cannot be legally construed as the institution of a suit requiring any answer thereto either by the original defendant or by the garnishee therein.

In other words, the contention is made, in substance, that the filing of the plaintiffs' original petition was a mere nullity, and that the suit against the defendant, as well as the garnishee, which resulted in the judgment rendered, was not really instituted until the amended petition was filed, and on which petition no process was issued either to the defendant or the garnishee.

█ It is a familiar rule that a valid judgment against the original defendant is a necessary prerequisite to a judgment against a garnishee.

The attack on the judgment against the original defendant was unquestionably a collateral attack, and the following announcement in 11 Encyclopedic Digest of Texas Reports, p. 138, is supported by a great number of authorities cited in the text:

"It is a well established rule that a judgment cannot be collaterally attacked for error or irregularity when the court has jurisdiction of the parties and the subject matter."

In Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, 328, the following is said:

"The general rule is well established that a judgment rendered by a court even of general jurisdiction is void if it had, at the time of the rendition of the judgment, no jurisdiction of the person of the defendant or the subject-matter of the litigation. This principle is self-evident, because until the court acquires jurisdiction it has no power to proceed to investigate and determine private rights. *Logically*, it can make no difference as to the validity of the judgment whether the lack of jurisdiction of the person or the subject-matter appears from the face of the record or is made to appear by evidence aliunde; for if, for instance, no service was had upon the defendant, he not appearing in the case, the court, having no jurisdiction whatever over his person, is absolutely without power to bind him by an adjudication that

he had been in fact duly served; and, logically, this want of power is the same whether the lack of jurisdiction appears on the face of the record or not. There is, however, another rule of law, equally well settled upon principles of public policy, which precludes inquiry by evidence aliunde the record in a *collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face,* into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition. Therefore it is well settled that, where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence *dehors the record* that the judgment was rendered without any service whatever upon him. Logically, the judgment is, in fact, void, but on grounds of public policy the courts, in order to protect the property rights, apply the rule aforesaid, which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment; and therefore, for all practical purposes, in such collateral attack, the judgment is held valid."

To the same effect see Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329; Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876; Flores v. Maverick (Tex. Civ. App.) 26 S. W. 316, and many other decisions that might be cited.

■ As noted above, it was recited in the judgment against the original defendant that that defendant had been duly served with citation, and had failed to answer, and that the court found that defendant was indebted to plaintiff in the amount for which the judgment was rendered. In other words, the judgment was regular on its face, and, under the well-established rule of decisions, it was not void, even though it could be said that it was voidable for lack of citation on the amended petition, in a direct action brought by the defendant to set it aside on a showing that the defendant did not owe the debt, and that it was not guilty of negligence in failing to prosecute an appeal therefrom.

■ The judgment rendered against the garnishee was likewise regular on its face, reciting due service and default made after such service, and, while plaintiff's suit involved also a direct attack upon that judgment, still, in order to vacate that judgment upon any of the grounds alleged in the petition, the burden was upon it not only to show a meritorious defense to plaintiff's suit in the garnishment proceedings against it, but also to allege and prove that it was not guilty of negligence in failing to prosecute an appeal or writ of error within the time prescribed by the statutes. And in this case it is to be noted that the only excuse offered by plaintiff in the present suit for failure to take such steps was that it did not learn of the rendition of the judgment in time to resort to that remedy. It is too well settled that mere ignorance of the rendition of a judgment after due service of process would not be a sufficient showing of diligence.

Furthermore, A. Y. Hampton, one of the plaintiffs in the original suit, and Harry Bunnenburg, attorney of record for plaintiff in that suit, testified that, before the default judgment was taken against the garnishee, those two witnesses interviewed H. C. Dickson, secretary and treasurer of the garnishee and in charge of its office at Wichita Falls, and informed him that judgment had been taken against the original defendant, and would also be taken against the garnishee unless an answer was filed; that thereupon Dickson replied that the Murchison Oil Company was not indebted to the Goodman Drilling Company, and for that reason he did not feel it necessary to file an answer to the writ of garnishment, and thereafter the default judgment was taken against the garnishee. While Dickson testified that he did not remember any such conversation with those two witnesses, the court was authorized to accept the testimony of the latter as an affirmative showing of a failure to exercise proper diligence to obtain relief from the judgment rendered against it by motion for new trial or by the prosecution of an appeal or a writ of error. However, as we construe appellant's pleadings in the trial court and briefs here, a reversal of the judgment of the trial court in this case is sought primarily and principally upon the ground that the judgment in the original suit against the Goodman Drilling Company was void for the reasons already stated; and, secondarily, upon the contentions that the garnishment proceedings were insufficient to support the judgment in garnishment, for the reason that, at the time of its issuance, the H. & H. Fuel Oil Company, plaintiff in the suit, was not a legal entity with right to sue; that the bond in garnishment was not in terms as prescribed by the statutes, and that the return of the officer serving the garnishment writ failed to show any personal service thereon upon the garnishee or any of its officers. The objections last noted did not deprive the court of jurisdiction of the parties or of the subject-matter of the suit, but were mere irregularities which did not render the judgment against the garnishee void or furnish sufficient ground for vacating it in the present suit for equitable relief, without a showing of excuse for failure to file an answer to the garnishment writ and failure to move for a new trial or prosecute an appeal from the judgment rendered against it. See Lyne v. Sanford, 82 Tex. 58, 19 S. W. 847, 27 Am. St. Rep. 852; Hardy v. Beaty, 84 Tex. 562, 19 S. W. 778, 31 Am. St. Rep. 80.

In support of the foregoing conclusions, we deem it proper to note further authorities as follows: Hawkins v. Simmons & Co., 165 Ark. 461, 264 S. W. 963, to the effect that the filing of a suit and the rendition of the judgment in the name of the partnership firm does not render the judgment void, but constitutes a mere irregularity or defect which is waived if no objection is made thereto upon the trial; also Iron Molders' Union v. Allis-Chalmers Co. (C. C. A.) 166 F. 45, 20 L. R. A. (N. S.) 315; Franklin Union v. People, 220 Ill. 355, 77 N. E. 176, 4 L. R. A. (N. S.) 1001, 110 Am. St. Rep. 248; Spaulding Mfg. Co. v. Godbold, 92 Ark. 63, 121 S. W. 1063, 29 L. R. A. (N. S.) 282, 135 Am. St. Rep. 168, 19 Ann. Cas. 947. The following decisions support our conclusion that the other objections were mere irregularities which did not render void the judgment against the garnishee which was attacked in this suit: Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30; Barnett & Record Co. v. Fall, 62 Tex. Civ. App. 391, 131 S. W. 644.

Castleman v. Norwood (Tex. Civ. App.) 36 S. W. 941, also supports the conclusion we have reached that the garnishee's petition to set aside the default judgment rendered against it was insufficient by reason of an absence of showing of excuse for failure to attempt to get relief from the judgment rendered against it either by motion for new trial in the trial court or by appeal therefrom.

The following is quoted from 12 R. C. L. p. 830:

"The garnishee cannot object to mere errors in the proceedings antecedent to the judgment under which he is summoned to appear. These errors can be objected to only by the defendant himself. If he sees proper to waive them, the garnishee will not be allowed to urge that in which the defendant has thought it best to acquiesce. For example, the judgment debtor alone can question the validity of the judgment on which the garnishment is based, on the ground that the summons in the action in which it was rendered was served by a special officer who had been appointed to make the service without a proper affidavit having been first made. However, if the defect is of so serious a character as to make the proceedings void, the garnishee may raise objection on this ground."

Appellant stresses the decision of our Supreme Court in Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707, to sustain its contention that the judgment in the former case against the Goodman Drilling Company was void because, according to its further contention, a new cause of action was set up in the amended petition upon which the judgment against that defendant was based. That case is distinguishable from the present suit, and therefore is not controlling, (1) because that decision was rendered upon an appeal from the judgment of the trial court, while the present suit by the garnishee is a separate and distinct suit to set aside the former judgment against it, and therefore a stronger showing is required to obtain the relief sought than is required in the case of a direct appeal from the judgment complained of; and (2) in the case cited the amended petition, which was held to set up a new cause of action, was based upon a showing of negligence on the part of defendant, constituting a tort, while the cause of action set up in the superseded petition was upon an express contract to furnish water sufficient for the extinguishment of fires that might originate in the plaintiff's plant.

The suit against the original defendant, Goodman Drilling Company, was to recover for a debt arising from the sale of oil by the plaintiff from the defendant. The defendant was obligated to pay for the oil whether the purchase was upon an implied contract or an express contract. Of course, if the case had been tried upon the original petition asserting an implied contract to pay for the oil, testimony of an express contract to pay a certain price would have been inadmissible if the defendant had objected thereto on the ground of variance between the proof and pleading; and, as against the same objection, proof of an implied contract to pay for the oil would have been inadmissible under the amended pleading alleging an express contract. However, those objections might have been waived by the defendant, and a judgment rendered upon such proof would not have been void, to say the least, even though it could be said that it was reversible on appeal by reason of admission of such proof showing a variance.

In 21 R. C. L. p. 608 et seq., the following is said:

"Variance means material difference; and it arises when there is a substantial departure from the issue in the evidence adduced, and must be in some matter which in point of law is essential to the charge or claim. The rule is fundamental that a plaintiff must recover, if at all, on the case made by his declaration or complaint, and therefore if he fails to prove his cause of action as laid, but proves a different one, he cannot recover on either. While the courts variously state the rule, it is probably the best and most authoritative resultant of it that proofs must correspond with the allegations in the complaint or answer, but the requirement in that behalf is fulfilled if the substance of the cause of action or defense is proved. Any departure in the evidence from the substance constitutes a variance and is fatal, or, as is frequently the effect, constitutes a failure of proof. * * * It is a general rule that a variance between allegations and proof, to be fatal, must be such as to mislead the adverse party to his prejudice in maintaining his action or defense on its merits. The courts have been very liberal in giving effect to laws that permit variances to be disregarded, and

amendments to be made conforming pleadings to proofs. Accordingly, they generally regard technical variances as cured by such amendments, or as waived by proceeding to trial or reference without raising the objection. Especially are variances cured by verdict in common with all defects that do not go to some vital defect in the cause of action or defense."

On page 614 et seq., of the same volume, it is further pointed out that defects in pleadings affecting the validity of a cause of action cannot be waived or aided by verdict, but that the contrary is true with respect to formal defects and objections which do not go to the merits of the cause of action or defense.

It is to be noted that in this case the amended petition upon which the judgment was rendered was to recover a debt owing by the defendant arising from the purchase of the same oil and for the same prices as alleged in the original petition, and judgment was rendered for exactly the same sum as sought to be recovered in both petitions.

In Tonn v. Inner Shoe Tire Co., 260 S. W. 1078, by this court, opinion by Associate Justice Buck, it was held that a petition to recover upon an open account for goods sold alleged the same cause of action as that asserted in an amended petition based upon a verified account for the same sale. See, also, the decision of this court in Elmo v. James, 282 S. W. 835 (writ of error dismissed for want of jurisdiction), for a discussion of what constitutes a "cause of action."

However, independently of whether or not the amended petition in the original suit against the Goodman Drilling Company set up a new cause of action distinct from that alleged in the original petition, nevertheless the judgment rendered upon the amended petition was regular on its face, and was not void as asserted by the plaintiff in the present suit. Nor was the judgment rendered against the garnishee voidable upon the direct attack made thereon in this suit on account of the irregularities pointed out above, even though it could be said that such irregularities would have been fatal to the judgment had an appeal been prosecuted therefrom.

Accordingly, all assignments of error are overruled, and the judgment is affirmed.

## On Motion for Rehearing.

With much earnestness appellant stresses the contention that the judgment against the Goodman Drilling Company, the original defendant in the suit, was void for lack of jurisdiction of the court over that defendant, in that there was no additional service of citation upon that defendant after the filing of the amended petition upon which the judgment was based.

The Goodman Drilling Company was not made a party defendant in this suit, and it seems to us to be too clear to require argument that the attack now made in this suit upon that judgment is a collateral attack.

That judgment recited due service upon the defendant, and it was by default. The court had already acquired jurisdiction over the defendant on the original petition, which was a suit for debt for oil sold, as was the suit presented by the amended petition. The authorities seem to be uniform that under such circumstances that judgment cannot be held to be void and impeachable in a collateral proceeding on the ground that the court had no jurisdiction to render it. In addition to authorities already cited to support that conclusion, see Gibbs v. Scales, 54 Tex. Civ. App. 96, 118 S. W. 188, writ refused; Jameson v. O'Neall (Tex. Civ. App.) 145 S. W. 680, writ refused; San Bernardo Townsite Co. v. Hocker (Tex. Civ. App.) 176 S. W. 644; Robinson v. Monning Dry Goods Co. (Tex. Civ. App.) 211 S. W. 535; Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co. (Tex. Civ. App.) 189 S. W. 784; Conner v. McAfee (Tex. Civ. App.) 214 S. W. 646, writ refused.

That appellant was duly served with a writ of garnishment on the original petition filed by the plaintiff in the case against the Goodman Drilling Company is not denied, but it is insisted that the amended petition set up a new cause of action, and that the court had no jurisdiction to render that judgment without the service of another citation, and for that reason, and, further, for the lack of service of another writ of garnishment on appellant, the court had no jurisdiction to render the judgment against it as garnishee. It thus appears that the attack on the judgment against appellant as garnishee was an attack on two grounds, first, that the judgment against the Goodman Drilling Company was void, and for that reason could not furnish a sufficient basis for the judgment against the garnishee, which ground is untenable for the reasons above cited; second, because of the absence of service of another writ of garnishment after plaintiff's amended petition was filed in the original suit. There is no merit in the last contention, since the court had already acquired jurisdiction of the garnishee, and that objection involves errors of procedure only which would not render the judgment void, even though it could be said that it was voidable on direct appeal therefrom; especially since appellant did not show any sufficient excuse for its failure to prosecute an appeal or writ of error from the judgment so rendered against it.

The authorities most strongly stressed by appellant, such as First National Bank of Houston v. Meyers (Tex. Civ. App.) 283 S. W. 265, are not in point, since those decisions were rendered upon direct appeal and not in independent suits to set aside the judgment.

The motion for rehearing is overruled.