**CITY OF SAN ANTONIO v. GARCIA.**

No. 12343.

Court of Civil Appeals of Texas. San Antonio.

Oct. 17, 1951.

Rehearing Denied Nov. 7, 1951.

Jack Davis, City Atty., Herbert Schencker, Asst. City Atty., San Antonio, for appellant.

O. Shelley Evans, Charles J. Lieck, San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order refusing to set aside a default judgment rendered in favor of L. F. Garcia against the City of San Antonio for the sum of $1,015.00. Both parties seemingly agree that the disposition of this appeal is controlled by Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, which is a leading case relating to the setting aside of default judgments during term time.

There is no dispute in the testimony and no question raised as to the City's having suggested a meritorious defense in its motion to set aside the default. According to the deputy sheriff's return, service of process was made on the City of San Antonio, "by delivering to C. Ray Davis, Mayor Pro Tem. a true copy of" the citation and a copy of the petition.[1]

Miss Julia Arnstein, secretary to A. C. (Jack) White, Mayor of San Antonio, testified as to the regular routine of handling citations in cases where the City was sued. She would write a letter to the City Attorney's office stating that the citation was enclosed and giving the number and style of the case. She also kept a loose-leaf book wherein she made a corresponding entry. An inspection of her records failed to disclose that the citation in the present case was received in the Mayor's office.

Miss Elsie Jane Allison, secretary in the legal department of the City, testified with reference to the usual practice of handling citations and notices of suits filed against the City of San Antonio. She generally received citations from the Mayor's office and kept all the records of suits filed against the City of San Antonio, and there was no record of a suit filed by L. F. Garcia against the City. The first notice of the suit received by the City Attorney's office was a bill of costs which came through the mail. Prior to that time there was no notation on any of the dockets or records in the City Attorney's office of the pendency of this suit.

From this testimony the inference is compelled that as the usual thing citations against the City were first handled and processed in the Mayor's department. Service of process upon Mayor Pro Tem. was

---

1. It is not our purpose to infer that service of process upon a mayor pro tem. constitutes a compliance with Article 2028, Vernon's Civil Stats., which provides that: "In suits against an incorporated city, town or village, the citation may be served on the mayor, clerk, secretary or treasurer thereof."

Section 22, Paragraph 1 of the Charter of the City of San Antonio provides that: "The Commissioners shall, at the beginning of their term of office, elect by ballot, by majority vote of the members thereof, one of their number to act as Mayor during the absence, disability or removal of the Mayor, and the Commissioner so chosen shall be invested with all the powers and shall perform the duties of the Mayor during such absence, disability to act, or after such removal."

In Paragraph 2 of the Section cited, the officer is referred to as the "mayor pro tempore."

C. Ray Davis, the Commissioner of Taxation, had been selected as mayor pro tempore. The evidence indicates that the Mayor was in the City at the time citation was served.

The question of whether service upon an officer, such as a mayor pro tempore under the Charter of the City of San Antonio, complies with the provisions of Article 2028 has apparently not been passed upon by a Texas appellate court. The succeeding Article, No. 2029, relating to service of citation upon corporations did not expressly provide for service upon a Vice President until the 1933 amendment to the Article, Acts 43d Leg. p. 327, ch. 127. It would seem that prior to this amendment service upon a VICE PRESIDENT would be insufficient. See emergency clause of 1933 Act. First Nat. Bank of Houston v. C. H. Meyers & Co., Tex.Civ.App., 283 S.W. 265; Household Furniture Co. v. Alvarado, Tex.Civ.App., 246 S.W. 1111.

254

not the usual procedure, and in this case the citation did not reach the office of either the Mayor or the City Attorney, because of some inadvertence or oversight on the part of the Mayor Pro Tem.

We are of the opinion that the trial court should have set aside the default judgment upon authority of Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W. 2d 124, above mentioned. It there appeared that a citation had been mailed to an insurance company for attention, but by reason of some mischance, and in an unexplained manner, the letter containing the citation was placed with mail which did not need immediate attention. As a result no answer was filed in the suit and a default judgment was taken.

The Supreme Court cited the case of Dowell v. Winters, 20 Tex. 793, as holding that although the excuse there offered for failure to answer was "certainly very slight," some excuse was offered and the default should be set aside as it was not the intention of the attorney who failed to answer to suffer judgment by default. It was said in the Craddock case [134 Tex. 388, 133 S.W.2d 125] that,

"Some excuse, but not necessarily a good excuse, was the test there (Dowell v. Winters) prescribed. When the opinion in that case is analyzed, it seems clear that the absence of an intentional failure to answer rather than a real excuse for not answering was the controlling fact.

\*    \*    \*    \*    \*    \*

"Applying the rule announced in the Dowell-Winters case and followed in the other cited cases to the facts of the case before us, the certain conclusion is reached that the trial court should have granted the motion of the defendant to set aside the default judgment and reinstate the case on its docket. The failure to answer was on account of a mistake and was not intentional."

The Supreme Court then restated the applicable rule as follows:    "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the re-

sult of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.  This is a just rule.  It prevents an injustice to the defendant without working an injustice on the plaintiff.  Such a rule has the sanction of equity."

The order appealed from is reversed; the cause is remanded to the trial court with directions to set aside the default judgment, to reinstate the cause on the docket, and for further proceedings not inconsistent with this opinion.  Costs accrued to date in the trial court are assessed against the City of San Antonio. Costs of appeal are assessed against the appellee.