## Eula King v. H. G. King.

### Decided January 27, 1906.

**Abandonment of Wife by Husband—Right of Husband to Sell Community Property.**

When the husband deserts the wife absolutely, ceases the discharge of his duties, and contributes in no manner to her support and that of the family, the wife is thereby authorized to dispose of their community property for such purposes as the exigencies of her situation may require but such right of disposition so conferred is not exclusive as against the husband, and does not work a forfeiture of his right to sell such property himself in payment of community debts, or to otherwise dispose of the same.

Error from the District Court of Camp County. Tried below before Hon. P. A. Turner.

*Sam D. Snodgrass* and *W. R. Heath,* for plaintiff in error.—In support of the proposition embodied in the eighth assignment of error quoted in the opinion, cited: Zimpleman v. Robb, 53 Texas, 281; Wright v. Hays, 10 Texas, 133; Schwulst v. Neely, 50 S. W. Rep., 609; Woodson v. Massenberry, 22 S. W. Rep., 148; Long v. Long, 70 S. W. Rep., 587; Cullers v. James, 66 Texas, 497; Edmonds v. Bomer, 12 Texas Civ. App., 237.

No brief for defendant in error.

TALBOT, Associate Justice.—This suit was brought by Mrs. Eula King, plaintiff in error, against H. G. King, defendant in error, to recover the value of certain personal property alleged to have been taken and converted by him and to restrain the said King by injunction from interfering with her possession of certain real estate occupied by her as a homestead.

For sake of brevity said parties will be referred to hereafter in the opinion as plaintiff and defendant, respectively. The plaintiff alleged in substance, that she was the wife of one Felder King, who was the son of defendant, but that her said husband, without cause, on the — day of October, 1903, abandoned plaintiff and their two infant children, since which time they have not lived together as husband and wife. That when the said Felder King deserted and abandoned plaintiff he absented himself from the State and left plaintiff in possession of the homestead and certain personal property consisting of two mules

and a wagon, two hogs, farming implements and ribbon seed cane, etc., which was their community property. That afterwards her said husband and the defendant entered into a conspiracy to fraudulently deprive her of the possession of her homestead and said personal property and to convert the same to their own use. That in pursuance of said conspiracy, defendant unlawfully and without plaintiff's consent, entered upon her premises and took and appropriated to his own use the property mentioned and certain other described personal property and refused to pay plaintiff therefor. Plaintiff further alleged that defendant, without her consent, entered upon her homestead premises, of which she was in lawful possession, and removed therefrom and converted to his own use, certain matured crops and movable property; that actuated by malice and with a desire and purpose to vex, harass and injure plaintiff defendant sought to induce her tenants to remove from said premises, destroyed and removed the fences situated thereon, and in divers ways interfered with her possession of said homestead, and annoyed, harassed and injured her. Plaintiff alleged that her said husband had refused to join her in this suit, and prayed to be permitted to prosecute it alone; that defendant be enjoined from interfering with her possession of her homestead; that she recover actual and exemplary damages, and have general relief. Defendant plead the general issue and in substance, that he bought the two mules and wagon alleged to have been converted by him from Felder King, husband of plaintiff, in good faith, in extinguishment of a community debt due by them to him, amounting to about the sum of $250; that the said cane alleged to have been appropriated by him was never the property of Felder King, but was the property of defendant; that all the other property charged to have been converted by defendant was never in his possession nor appropriated by him.

A jury trial resulted in a verdict and judgment for defendant and plaintiff appealed.

Plaintiff and Felder King were married and lived together as husband and wife in Camp County, Texas, about five years. There were two children born to them aged respectively, at the date of the trial of this cause, three and five years. Felder King, plaintiff's husband, abandoned and ceased to live with her in October, 1903, without adequate cause for so doing, and went to the State of Louisiana, and obtained employment there, but in a short time returned and resided with his father, the defendant, H. G. King. When Felder King abandoned plaintiff in October, 1903, he left the personal property involved in this suit and which was their community property, on the homestead in her possession, and the same was taken from her without her consent. He also left in plaintiff's custody at that time their two children, since which time he has not lived with plaintiff, nor contributed anything to her support, or to the support of the children. In a suit instituted by H. G. King, defendant, against the plaintiff herein and Felder King, the possession of the land and premises upon which plaintiff resided was awarded to plaintiff by a decree of the District Court of Camp County, Texas, at the December term

thereof in 1903, as the homestead of herself and children, so long as she occupied it as such. Felder King instituted suit against his wife for a divorce, but same was dismissed at the December term, 1903, of the court. The evidence was sufficient to justify the finding, which is evidently embraced in the verdict of the jury, that such of the property, the value of which is sought to be recovered in this suit, as went into the possession of the defendant, H. G. King, or was in any way taken or disposed of by him, was either bought by him for a valuable consideration and in good faith from Felder King, plaintiff's husband, or taken and disposed of by defendant with the consent of and by authority derived from the said Felder King. The court did not charge upon the subject of exemplary damages and no complaint is made in this Court of the failure to do so.

Plaintiff's several assignments of error need not be discussed in detail. They relate to and complain solely of the court's charge and its refusal to give certain requested instructions, and involve and present for our decision but one question, namely: Did Felder King, husband of plaintiff, have the legal right, under the facts disclosed, to dispose of the property, the value of which is sought to be recovered in this action, or was the exclusive control and power of disposition of the same transferred to and vested in plaintiff, his wife, by reason of the abandonment of her as shown.

The trial court, as manifested by its charge to the jury, was of the opinion that said Felder King had in no event forfeited or been deprived of his right to dispose of his community interest in said property, nor of the whole of it to pay community debts or otherwise dispose of said property, provided the disposition thereof was not made with the purpose to defraud his wife. In conformity with this view of the law, the jury were instructed in effect that if a part of the property mentioned in plaintiff's petition was sold by Felder King to the defendant in payment of an honest debt, a part taken by defendant with the consent of Felder King and sold and the consideration received paid to said Felder King, and a part sold by said Felder King to defendant in good faith, then as to such property to find for the defendant. On the other hand, they were instructed that if the debt, for which the property given to pay the same, was fictitious and the disposition of the other articles of property to defendant made with the intent to defraud the plaintiff, and defendant had notice of such purpose on the part of Felder King, then to find for plaintiff one-half of the market value of said property with interest.

The court further instructed the jury as follows: "Now as to each and all of the other articles of property itemized and described in plaintiff's petition (except the clock, wagon and two mules and stalks of seed sugar cane), if you believe from a preponderance of the evidence in this case that H. G. King took any or all of it into his possession and converted it to his own use, then you will find for the plaintiff one-half the reasonable cash market value of such property so converted by him at the time and place of conversion with interest thereon at six percent per annum from the date of such conversion to the present time."

The correctness of the trial court's view of the law as expressed in the charge referred to and that quoted above is challenged by appellant's counsel and they insist that the correct rule applicable to the facts of this case is embodied, substantially, in a special charge requested by them and made the basis of appellant's eighth assignment of error which reads as follows: "You are instructed that when a husband abandons his wife and family, and ceases to discharge his duties as a husband, and ceases to contribute to the support of his wife and family, that his previous legal power and right of management, control, and disposition of the community property, passes from him and is transferred to his · wife, and thereafter and so long as they live separate and apart from each other she has the exclusive right of the management, control and disposition of the community property, and any attempted sale or disposition of any part of the community property under such circumstances by the husband, is a legal fraud upon the legal rights of the wife regardless of the motive or purpose of the husband in making such sale or disposition, and any person in such case who purchases or obtains any part of such community property from her husband, and without the consent of the wife, does not by such purchase from the husband obtain any title to such property so acquired, and such property or its value may be recovered by suit by the wife, even though the husband may have disposed of such property for the purpose of paying community debts."

The contention of counsel for appellant, as we understand it, is embodied in the above special charge, which was refused by the court, and at "first blush" seemingly finds support in language used in several decisions of our Supreme Court. We have examined these decisions and are of the opinion that when considered and interpreted with reference to and in the light of the facts upon which they rest, it becomes apparent that neither of them can be said to be an authoritative expression upon the precise question we are here called upon to decide. In those cases the power of the wife, who had been abandoned by her husband, to dispose of community property for the support of herself and family, was the point at issue and question decided. In none of them was the right of the husband to dispose of personal property belonging to the community estate of himself and wife to pay debts or to otherwise dispose of such property after abandonment of his wife, involved; nor did the question of the *exclusive* right of the wife in such case, to dispose of such property arise. It was not essential, we think, in those cases in order to reach the conclusion, that the wife, who had been abandoned by her husband and thereby compelled to assume the duties and incur the responsibilities of the head of the family, had the exclusive right, as against her husband, to dispose of their community property.

The desertion of the wife by the husband without cause, coupled with his failure thereafter for a considerable length of time to contribute to her support, confers upon such wife, because of the necessity arising therefrom, the power of disposing of the community property, whether real or personal, and the exercise of that power or discretion so conferred, with respect to such property, will pass to the purchaser thereof the title as against the subsequent vendee of the husband. This is

not because the exclusive right to dispose of the property had been transferred and vested in the wife on account of the husband's desertion and non-support, but because the conduct and default of the husband and the necessities of the situation had forced her to assume the responsibilities and discharge the duties incident to the maintenance of herself and family. To the recognition and establishment of this right of the wife under such circumstances, which was not given by statute, is the legitimate scope of our decisions upon the subject and in our opinion they should not be regarded as authority sustaining the contention of appellant. The right to dispose of the common property of the husband and wife during coverture is conferred upon the husband by statute, and but for the modification of this statute by our decisions based upon the delinquencies of the husband and the necessities of the wife arising therefrom, any disposition of such property by the wife alone would be unauthorized and convey no title. Now, while the wife may, under the circumstances and for the purposes stated, dispose of the community property, yet we have no statute, nor have we found any decision, which, in our opinion, deprives the husband of his right to dispose of such property because of the existence of the circumstances to which we have referred, that would authorize the wife to sell. Abandonment of the wife by the husband does not deprive him of his interest in the community property, even though he should thereafter live in adultery with another woman, Hensley v. Lewis, 82 Texas, 595, and the only restriction placed upon his power of disposing of such property is found in article 2983 of our Revised Statutes, which reads thus: "On and after the day on which the action for divorce shall be brought, it shall not be lawful for the husband to contract any debts on account of the community, nor to dispose of the lands belonging to the same; and any alienation made by him after that time shall be null and void, if it be proved to the satisfaction of the court that such alienation was made with a fraudulent view of injuring the rights of the wife." This statute, as will be observed, in no respect affects or limits the husband's right to control and sell personal property belonging to the community, and only inhibits such conveyances of community lands by him, even after suit for a divorce has been filed, as may be made with a fraudulent view of injuring the wife's rights. Moore v. Moore, 73 Texas, 382. This expression of the legislative will respecting the community lands, and the absence of any statute depriving the husband, on account of abandonment of the wife, of the power expressly conferred to dispose of the personalty belonging to the community, may be construed as an indication on the part of our law-makers that such conduct should not affect such power. We therefore conclude, that notwithstanding it is the settled law of this State, "that, if the husband deserts the wife absolutely, ceases the discharge of his duties and contributes in no manner to her support and that of the family," such wife is thereby authorized to dispose of their community property for such purposes as the exigencies of her situation may require, yet such right of disposition so conferred is not exclusive as against the husband, and does not work a forfeiture of his right to sell such property himself in payment of community debts, or to otherwise dispose of the same. It must be understood that the property

involved in this controversy was acquired by the husband and wife while they were living together, and no question arises and no opinion expressed as to what would be the rights of the wife in property acquired by her efforts during the abandonment by the husband. The property here involved being personalty, and the further fact that it may have been exempted from forced sale under the laws of this State, does not affect the question. The husband, unlike his right to deal with the homestead, as was the character of property involved in the suit of Cullers v. James, 66 Texas, 494, is authorized to incumber, sell or otherwise dispose of the community personal property, without the wife's consent.

As to the charge of the court it is sufficient to say that if there was any error in it, such error is favorable to plaintiff and she has no cause to complain.

Believing the judgment of the court below is sustained by the facts and law, it is affirmed.

*Affirmed.*