HOLLINGSWORTH v. WM. CAMERON & CO., Inc.

(Court of Civil Appeals of Texas. Texarkana. Nov. 6, 1913.)

1. DEEDS (§ 105*)—PARTNERSHIP (§ 76*)—CONSTRUCTION OF DEEDS—CONVEYANCE TO FIRM.

A deed recited that for and in consideration of $5, and for the further consideration of having previously sold and executed a bond to H. & Bro. to make title to the land, the grantor for such consideration and in satisfaction of the bond did convey, etc., to one ——, his heirs and assigns forever, to have and to hold the land, etc., "to himself and heirs forever." Held that, H. & Bro. being a firm, the deed would be considered as conveying the title to the land to them as a firm, and, in the absence of proof that the partnership was not an equal one, it vested the title to the land conveyed in the two partners equally.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 276, 277, 292; Dec. Dig. § 105;* Partnership, Cent. Dig. §§ 116, 124, 148; Dec. Dig. § 76.*]

2. JUDGMENT (§ 497*)—COLLATERAL ATTACK—SERVICE—RECITAL.

Where a judgment foreclosing a tax lien on land recited that the law in all things had been complied with and that defendants had been regularly served with notice of plaintiff's suit, it imported absolute verity in a collateral proceeding, as to the fact recited, so that plaintiff in trespass to try title could not show that the judgment was void for want of proper process and service.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 937, 938; Dec. Dig. § 497.*]

3. TRIAL (§ 392*)—FINDINGS—REQUESTS—CONCLUSION.

It is not error to refuse to make a requested finding, which in effect is a mere conclusion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 916–919; Dec. Dig. § 392.*]

4. APPEAL AND ERROR (§ 519*)—RECORD—STIPULATIONS—EFFECT—EMBODIMENT IN FINDINGS.

A stipulation between counsel that the citation and service in another cause could be offered in evidence, and that it was the very citation on which the judgment in that cause was rendered, was not affected by the court's failure to embody it in his findings but could be considered on appeal as an admitted fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2356–2403; Dec. Dig. § 519.*]

Appeal from District Court, Trinity County; S. W. Dean, Judge.

Trespass to try title by Mrs. M. A. Hollingsworth against Wm. Cameron & Co., Incorporated. Judgment for defendant, and plaintiff appeals. Affirmed.

The suit was by appellant against appellee in trespass to try title to 213 acres of the Jesse A. Oakley survey in Trinity county. Appellee pleaded denial and not guilty and by cross-action to quiet title and possession. In a trial to the court without a jury, judgment was rendered against appellant and in favor of appellee for the land.

The findings of fact made by the court are in substance as follows: (1) That the Jesse A. Oakley survey of 640 acres was patented November 6, 1861, to Willis J. Roan as assignee of Oakley. (2) That on October 22, 1862, the heirs of Willis J. Roan conveyed to H. J. Jones 320 acres, embracing the land in controversy, which deed was duly recorded. (3) That both plaintiff and defendant claim title to the land in suit under H. J. Jones as common source of their title. (4) That H. J. Jones on January 22, 1866, executed a deed to the land in controversy, which was duly recorded July 6, 1876, reading: "Know all men by these presents that I, Hilliard J. Jones, of said state and county, for and in consideration of five dollars to me in hand paid, and for the further consideration of having heretofore sold and executed a bond to B. P. Hollingsworth & Bro. to make title to the land hereinafter described, do for the consideration aforesaid and in satisfaction of said bond, and being by them so required, do hereby convey, release and confirm unto ——, his heirs and assigns forever [here follows description]. To have and to hold said 213 acres of land to himself and heirs forever, and I warrant title to the same as against myself, heirs and assigns and the heirs of Willis J. Roan." (5) That the firm of B. P. Hollingsworth & Bro. was composed of B. P. and S. P. Hollingsworth, both of whom died many years before 1890. B. P. Hollingsworth left no will so far as the evidence shows, and he left as his sole heir his widow, Annie Hollingsworth, who afterwards married O. O. Searcy, and they conveyed to defendant an undivided one-half interest in the land. (6) That S. P. Hollingsworth left a will, which was probated in Johnson county but was not probated or recorded in Trinity county, devising all his property to his wife, the plaintiff in this suit, and there was not any evidence on the records of Trinity county of appellant's claim to the land. (7) That in 1900 a suit for unpaid taxes was brought by the state in the district court of Trinity county against the unknown owners of the J. A. Oakley survey, of which the land in suit is a part, and for foreclosure of the tax lien, and judgment was rendered for the delinquent taxes of $29.16 against the land and costs of suit, together with a foreclosure of the tax lien. The judgment, as to citation, recites: "And it appearing to the court that the law in all things has been complied with and that the defendants have been regularly served with notice of plaintiff's suit." And (8) that an order of sale issued on the judgment prior to January 1, 1901, and the

land was duly sold and a deed made by the sheriff to defendant in this suit.

Crow & Phillips and A. M. Campbell, all of Groveton, for appellant. J. A. Platt, of Groveton, and Sleeper, Boynton & Kendall, of Walo, for appellee.

LEVY, J. (after stating the facts as above). The first and third assignments are here considered together as presenting the controlling question in the appeal. The contention made by the assignments is that the evidence established title in appellant to the land sued for and wholly failed to establish any title residing in appellee, and that the court erred in failing to so conclude as a matter of law.

[1] The deed executed by Jones, the common source, on January 22, 1866, was properly construed by the court as designed and intended to convey to B. P. Hollingsworth & Bro. the title to the land therein described. And it is admitted that B. P. Hollingsworth & Bro. was at the time a firm composed of B. P. Hollingsworth and S. P. Hollingsworth; and, there being no proof that the partnership was not an equal partnership, the court correctly held that S. P. Hollingsworth was entitled to a one-half interest in the land. And the appellant, Mrs. Hollingsworth, by the will of S. P. Hollingsworth, her husband, would acquire his interest in the land. But such title as Mrs. Hollingsworth may once have had in the land in suit through the will was, it appears, divested out of her in 1900 by the judgment in favor of the state foreclosing a tax lien and the sale thereunder by the sheriff to appellee. It appears there was never any evidence on the records of Trinity county of appellant's claim to the land. It could not therefore properly be said that the court erred as a matter of law in not decreeing title in appellant, in view of the said judgment in favor of the state and the sale thereunder.

[2] But appellant insists that the judgment foreclosing the tax lien is void because of defective citation or notice. This contention is purely a collateral attack on such judgment, and the validity of the judgment cannot in this suit of trespass to try title be inquired into or brought in question in a collateral attack, as here. Jameson v. O'Neall, 145 S. W. 680; Kenson v. Gage, 34 Tex. Civ. App. 547, 79 S. W. 605. The authorities appellant cites are where the judgment is silent as to service upon the unknown owner. The judgment here recites "that the law in all things has been complied with and that the defendants have been regularly served with notice of plaintiff's suit." As the judgment recites due process, it must be held, as against a purely collateral attack, as importing absolute verity as to the fact recited. Hence it does not appear that the court erred, and the assignments are overruled. This requires that the judgment be affirmed, as the remaining assignments present merely immaterial matters. However, we pass on the remaining assignments.

The second assignment complains of the want of any evidence to show that Mrs. Annie Hollingsworth, joined by her second husband, Searcy, conveyed a one-half interest in the land to appellee, as appears in the court's finding. The contention of appellant should be sustained; but neither the trial court nor this court has based any judgment upon any such finding of fact.

[3] The fourth assignment complains of the refusal of the court to make the precise finding therein requested. The finding requested was in effect a mere conclusion, and there is no injury resulting to appellant.

[4] The fifth and sixth assignments complain of the refusal of the court to embody in his findings as findings the matters of the written agreement of counsel wherein it was agreed that the citation and service in the cause of the state against unknown owners could be offered in evidence, and that it was the very citation that the judgment was rendered upon. The agreement of the parties was not vitiated by the mere failure of the court to embody it in his findings and could be here considered nevertheless as an admitted fact; and consequently no harm was done appellant. Besides, the agreed fact could not in this case, as before stated, on a collateral attack affect the validity of the judgment in the case of the state against the unknown owners, or its effect.

The judgment is affirmed.