### MORELAND et al. v. QUANTE.

### No. 5042.

Court of Civil Appeals of Texas. Amarillo.

Sept. 18, 1939.

Rehearing Denied Oct. 23, 1939.

For decision refusing writ of error, see 134 S.W.2d 318.

R. P. Moreland, of Plains, and Hal S. Lattimore, of Fort Worth, for plaintiffs in error.

R. L. Graves, of Brownfield, for defendant in error.

JACKSON, Chief Justice.

This suit was instituted in the District Court of Yoakum County by C. B. Quante, the appellee, in the form of an action in trespass to try title against Mr. R. P. Moreland and M. E. Dumas to recover title and possession to Lot 10, in Block No. 91 of the Original Town of Plains in Yoakum County, Texas.

The defendants answered by general demurrer, general denial, a plea of not guilty and alleged that the judgment and sale in the tax suit styled The State of Texas v. W. H. Dallas, Liquidating Agent of the Stockmen's Exchange Bank of Plains, Texas, Cause No. 218, under which plaintiff derives his title, is void and the sheriff's deed purporting to convey said lot to appellee is likewise void.

The defendants allege that they owned shares of stock in the Stockmen's Exchange Bank of Plains and because thereof had an interest in the lot involved in this suit, were necessary parties in Cause No. 218, but were not made parties thereto and were in no way bound by the judgment therein.

The case was tried before the court without the intervention of a jury and judgment rendered that plaintiff recover of and from the defendants title and possession of Lot 10, in Block No. 91 of the Original Town

of Plains in Yoakum County, Texas, from which judgment this appeal is prosecuted.

The court in his judgment says that defendant M. E. Dumas filed a disclaimer and for that reason as to him the plaintiff should recover. This finding by the court is not controverted and on this plea judgment was properly rendered in favor of appellee against M. E. Dumas. Tull v. Wilbarger County et al., Tex.Civ.App., 36 S. W.2d 316.

There is no statement of facts in the record, however, the court filed findings of fact and conclusions of law in which he states that the Stockmen's Exchange Bank of Plains, Texas, was organized in the month of March, 1920 as an unincorporated company with a capital stock of $25,000; that it acquired the lot and premises in controversy for a banking house; that some of the shares of stock were paid for in cash and some by the execution of promissory notes, but neither the number of shares for which cash was paid nor the number for which notes were executed is shown by the record; that the bank operated as such institution until in October, 1921, failed to elect directors and officers and about that time ceased to do business and left no estate except the lot here described and some promissory notes; that about six years later some of the stockholders, who claimed to represent 125 of the shares, met and passed a resolution, the substance of which is that the bank had ceased to function, had outstanding certain assets to be collected; there was no one in a position to liquidate the business of the institution, and W. H. Dallas be and was appointed liquidating agent for said bank with full power and authority to do any and all things in order to liquidate the business of the institution. This instrument was signed by the stockholders present but whether they constitute the majority is not disclosed. The instrument was not sworn to nor acknowledged, and the only business transacted by W. H. Dallas after his purported appointment as liquidating agent was to secure the renewal of some notes due the bank.

On December 8, 1934 the State of Texas, by its proper attorney, filed a suit to recover the sum of $205.32 delinquent taxes due on said lot for the years 1921 to 1933, inclusive, and to foreclose the tax lien, and obtained a judgment for said sum and a decree foreclosing the lien. The tax suit was instituted against the Stockmen's Exchange Bank of Plains, a joint stock company with its residence in Terry County. Citation was issued to the said bank and W. H. Dallas, Liquidating Agent, and the return thereon shows that service was had on the bank and W. H. Dallas as the Liquidating Agent thereof on December 11, 1934. The judgment in the tax case, No. 218, recites: "The defendant, though duly cited as by law required, having failed to appear and answer in this behalf but wholly made default", judgment by default was rendered against the bank. This decree on its face was presumptively regular and recited due and legal service had been had on the defendant and the court concluded as a matter of law that said recitation in the judgment, in a collateral attack thereon as in the instant case, could not be contradicted even by other portions of the record.

Whether or not the appellants individually were made parties to the suit is immaterial since it is admitted by all parties that the bank was an unincorporated company. Article 6135, Volume 17, Vernon's Civil Statutes, reads as follows: "In suits by or against such unincorporated companies, whatever judgment shall be rendered shall be as conclusive on the individual stockholders and members thereof as if they were individually parties to such suits."

This is a collateral attack upon the tax judgment in Cause No. 218, which was rendered in a court of competent jurisdiction and with the presumption of regularity on its face, and the recitation therein that the defendant was duly served, as the law required, the judgment was not subject to collateral attack.

In Switzer et ux. v. Smith, 300 S.W. 31, 33, 68 A.L.R. 377, the Commission of Appeals says: "Since Treadway v. Eastburn, 57 Tex. 209, it has been the uniform holding of the courts in this state that, as against a collateral attack, the recitation of due service in the judgment proper is conclusive upon such matter, and may not be contradicted by other facts, whether appearing in the record or aliunde. Such recitation imports absolute verity. Martin v. Burns, 80 Tex. 676, 16 S.W. 1072; Gibbs v. Scales, 54 Tex.Civ.App. 96, 118 S.W. 188 (Writ refused); Chapman v. Kellogg (Tex.Com.App.) 252 S.W. 151; Borders v. Highsmith (Tex.Civ.App.) 252 S.W. 270; Mariposa Mining Co. v. Waters (Tex.Civ. App.) 279 S.W. 576; Gillette's Estate v. State (Tex.Civ.App.) 286 S.W. 261; Bar-

318

ton v. Montex Corp. (Tex.Civ.App.) 295 S.W. 950."

In Hollingsworth v. Wm. Cameron & Co., Inc., Tex.Civ.App., 160 S.W. 644, 645, it is said: "But appellant insists that the judgment foreclosing the tax lien is void because of defective citation or notice. This contention is purely a collateral attack on such judgment, and the validity of the judgment cannot in this suit of trespass to try title be inquired into or brought in question in a collateral attack, as here. Jameson v. O'Neall [Tex.Civ.App.] 145 S.W. 680; Kenson v. Gage, 34 Tex.Civ.App. 547, 79 S.W. 605. The authorities appellant cites are where the judgment is silent as to service upon the unknown owner. The judgment here recites 'that the law in all things has been complied with and that the defendants have been regularly served with notice of plaintiff's suit.' As the judgment recites due process, it must be held, as against a purely collateral attack, as importing absolute verity as to the fact recited." See also Empire Gas & Fuel Co. et al. v. Albright et al., 126 Tex. 485, 87 S.W. 2d 1092.

 The court did not find that appellants or either of them ever at any time owned stock in said bank, and in the absence of a statement of facts and such finding, appellants in no event could prevail in this suit.

The judgment is affirmed.