## JORDAN v. TEXAS PAC. COAL & OIL CO. et al.

### No. 5313.

Court of Civil Appeals of Texas. Amarillo.
June 2, 1941.

Rehearing Denied June 23, 1941.

Lawrence L. Barber, of Seagraves, and Vickers & Campbell, of Lubbock, for appellant.

Carl Rountree, of Lamesa, and Verne H. Maxwell and Watkins & Mays, all of Dallas, for appellees, Wofford Cain, Toddie L. Waynne, trustee, Rushton L. Ardrey, Fred Golding, Walter O. Caldwell, J. W. (John) Murchison, Aloco Pipe Line Co., and Producers Supply & Tool Co.

Bromberg, Leftwich, Carrington & Gowan, of Dallas, for appellee Atlantic Refining Co.

Carl Rountree, of Lamesa, and Barksdale Stevens and Vernon Coe, both of Houston, for appellees Shell Oil Co., Inc., and Shell Pipe Line Corporation.

Joe E. Childers, of Abilene, for appellees E. T. Hall, Mattie L. Payne and husband, R. L. Payne, Lurtie Hall Smith, Eula Kirtley Sanders and husband, E. A. Sanders, Miss Vera Collins, Guynemer Giguere, Chas. C. Hildebrand, Lillian L. Hildebrand, Inter-State Royalty Corporation, Ltd., Lewis T. Lohman, Montex Petroleum Corporation, George A. Nash, Alice D. Osborn, Donald C. Poussette, Rotex Oil Company, H. B. Stone, Vernon I. Weisbrod, Kendrick V. Weisbrod, Alfred J. Williams, Ruth S. Agey, H. H. Durston, Lillian S. Durston, Sabine Royalty Corporation, Mrs. Keith Newman, and Joe E. Childers.

Carl Rountree, of Lamesa, and Wm. K. Hall, of Fort Worth, for appellee Texas Pacific Coal & Oil Co.

JACKSON, Chief Justice.

This suit was instituted on April 8, 1940, by the plaintiff, H. C. Jordan, against the

Texas Pacific Coal and Oil Company, the Producers Supply and Tool Company, Aloco Oil Company, Aloco Pipe Line Company, Atlantic Refining Company, Montex Petroleum Corporation, Rotex Oil Company, the Great Southern Life Insurance Company, Montecito Corporation, Shell Oil Company, Shell Pipe Line Company, Sabine Royalty Corporation and the Interstate Royalty Corporation, all of which are corporate defendants. The following individuals were also made defendants: E. T. Hall, Ethel Hall, Mattie L. Payne and husband, R. L. Payne, Lurtie Smith, a feme sole, Eula Sanders and husband, E. A. Sanders, Joe Childers, H. A. Hedberg, H. H. Durston, Lillian Durston, H. B. Stone, Ruth S. Agey, Wofford Cain, Toddy L. Waynne, Rushton L. Ardrey, Fred Golding, Walter O. Caldwell, S. E. Cone, John Murchison, J. W. Murchison, Wayne Cleveland, Donald C. Poussette, Alfred J. Williams, Alice D. Osborn, Kendrick V. Weisbrod, Vernon Weisbrod, Guynemer Giguere and Lewis T. Lohman.

On June 7, 1940, the plaintiff filed what is designated as his amended original petition, pleads an action in trespass to try title and asks to recover title and possession of an undivided one-half interest in the West Half of Section 800, Block D, Yoakum County, Texas. In addition, he pleads that a judgment obtained by W. E. Head in Cause No. 513, styled W. E. Head v. H. C. Jordan, in the County Court of Scurry County, under which the lands in question were seized and sold under execution November 4, 1913, was a nullity and that all the defendants except Ethel Hall hold title under and by virtue of the sheriff's deed made by reason of such execution sale; that such deed is void, casts a cloud on his title and should be cancelled because the County Court of Scurry County never acquired jurisdiction over H. C. Jordan, one of the alleged defendants in said Cause 513; that he was a non-resident of the State and the affidavit for citation by publication against him did not comply with the statute and the publication thereof did not constitute service that would authorize the judgment against him or the sale of his property thereunder.

The defendants the Great Southern Life Insurance Company, Wayne Cleveland, H. A. Hedberg and the Aloco Oil Company each filed disclaimers.

Ethel Hall answered, but inasmuch as she makes no complaint of the judgment rendered against her we deem it unnecessary to state her pleadings.

The other defendants, hereinafter called appellees, whether they claimed title to the surface, to the minerals or to royalties, answered by a plea of not guilty, pleaded their title specially, urged certain defenses including that of good faith purchaser for value without notice, limitation and laches. Several of the appellees also set up cross-actions seeking affirmative relief.

At the close of the testimony in compliance with a peremptory instruction the jury returned a verdict in favor of the appellees and against the plaintiff. Judgment was rendered that plaintiff, H. C. Jordan, take nothing by his suit against the defendants; that Ethel Hall take nothing by her suit and that the appellees who pleaded a cross-action recover thereon and from this judgment the appellant appeals.

W. E. Head, plaintiff, filed Cause No. 513 in the County Court of Scurry County, Texas, on November 14, 1912, against H. C. Jordan and J. B. Jordan, the defendants, on a promissory note executed by them seeking to recover a balance of $317.85 evidenced by said note. On the same day W. E. Head caused a writ of attachment to issue to Scurry County which was returned nulla bona. He thereafter caused an alias writ of attachment to be issued to the sheriff or any constable of Yoakum County and levied on Section No. 764, Block D in Yoakum County and all of Section No. 800 in Block D in said county except 200 acres out of the southeast corner thereof.

On July 10, 1913, the plaintiff obtained a judgment against the defendants for the sum of $317.85 with interest decreeing a valid attachment lien had been fixed against Section 800, Block D in Yoakum County and directing that the plaintiff have his execution subjecting the above described lands to sale in satisfaction of said judgment.

An execution was issued by the Clerk of the County Court of Scurry County and returned nulla bona and thereafter on September 17, 1913, an alias execution was issued to the sheriff or any constable of Yoakum County commanding that the officer make or cause to be made of the goods, chattels, lands and tenements of H. C. Jordan the sum of $337.85 with interest. The Sheriff of Yoakum County recites in his return on the writ that the execution

reached him on the 22nd day of September, 1913; that he levied the writ on the land above described as the property of H. C. Jordan; that after properly advertising the property for sale at the court house door on the 4th day of November, A. D. 1913, the same being the first Tuesday of the month, during the legal hours he sold the property to R. H. Looney for the sum of $477.23 and executed to the purchaser of said land a sheriff's deed therefor; that after satisfying the cost he paid the balance thereof, $405.19, to W. E. Head and accepted his receipt therefor.

H. C. Jordan was married on December 11, 1907, and he and his wife, Mrs. H. C. Jordan, from whom he was divorced in 1916, occupied the South Half of Section 891 as their homestead and on August 19, 1908, acquired as additional land Section 800, Block D, the title to the West Half of which is in controversy. This section was patented to H. C. Jordan, his heirs and assigns, on March 24, 1938. Mrs. H. C. Jordan, the divorced wife of the plaintiff, appears in this record as Ethel Hall.

The appellees deraign their title from R. H. Looney, the purchaser at the execution sale under the Head judgment in Cause No. 513.

Oil was discovered on the land here involved in November, 1938, and the appellee, Texas Pacific Coal and Oil Company, holding under a lease has drilled three producing wells on the land.

The appellant, H. C. Jordan, by several assignments in his brief attacks the validity of the judgment against him in Cause No. 513 rendered on July 10, 1913, and says it is null and void inasmuch as no service was ever had on him; that the attempted service by publication was invalid, was without effect and hence the sale under such judgment and the sheriff's deed in virtue thereof passed no title to the purchaser at such sale and the appellees acquired and have no title to the property.

The judgment on the question of service contains the following recitation:

"On this the 10th day of July, A. D. 1913 came on to be heard the above entitled and numbered cause for trial and came the parties, the plaintiff in person and by his attorney, the defendant, J. B. Jordan, in person and by his attorney, and the defendant, H. C. Jordan, the duly and legally cited in terms of the law, appeared not but wholly made default, the court having appointed a— attorney ad litem to represent his interests in the subject matter of this suit and said guardian ad litem, to wit, V. M. Tyler, having filed an answer herein, came all the parties and announced ready for trial, a jury being waived all matters of fact as well as of law were submitted to the court, who after having heard the pleadings of the parties, and the evidence adduced, the argument of counsel thereon, the court finds the following facts, to-wit:

"That all parties are duly and legally cited herein to appear and answer the plaintiff's petition * * *."

In order to prove that no service of process in Cause No. 513 was had on him, the appellant offered in evidence an affidavit which was filed in said cause to secure the issuance and service of citation by publication. He claims the affidavit was insufficient to authorize the clerk to issue or the sheriff to publish such citation. He also offered in evidence the petition in No. 513, the answer of J. B. Jordan, the published citation, the affidavit of the publisher, the statement of facts filed and the judgment rendered; in fact, what he claims constituted the entire proceedings had in said cause. He placed on the stand the present County Clerk of Scurry County, who testified he had custody of the papers and that so far as he knew the papers offered in evidence constituted all the papers in the case.

The appellees objected to the admission of the affidavit and the other records offered, since appellant's suit is a collateral attack on the Head judgment which affirmatively recited as a fact that legal service on H. C. Jordan in Cause No. 513 was had and such recitations import absolute verity and may not be contradicted by testimony whether appearing in or aliunde the record.

This objection was sustained by the court; the appellant excepted to such ruling and here presents as error the action of the court in excluding the affidavit and the judgment roll.

We shall not undertake to give the contents of the various instruments offered by appellant in his attack on the validity of the judgment entered in No. 513, but the affidavit which appellant contends was the

basis for the publication of the citation reads as follows:

"The State of Texas }
"County of Scurry }

"Before me, the undersigned authority in and for said County, State of Texas, this day personally came and appeared Cullen C. Higgins to me well known, and who, after being duly sworn, did depose and say that he has made diligent inquiry concerning the whereabouts of the defendant, H. C. Jordan, in the cause of W. E. Head vs H. C. Jordan No. 513, in County Court of Scurry County, Texas, and that the whereabouts of said defendant by the use of reasonable diligence cannot be ascertained, that said affiant is one of the attorneys for the plaintiff in said cause, and asks for citation by publication.

"Cullen C. Higgins

"Sworn to and subscribed before me. Witness my hand and seal of office in Snyder, Texas, this the 14th day of November A. D. 1912.

"W. T. Skinner, Co. Clerk,
"Scurry County, Texas."

There is no contention of any irregularity or invalidity in the proceedings had in No. 513 save and except that the asserted nullity of the judgment is predicated on the failure of the affidavit to so comply with the statute as to authorize the publication of the citation. The other instruments were offered to show affirmatively that the only service had was that issued and published by reason of such affidavit.

The appellant concedes that his suit constitutes a collateral attack on the validity of the judgment obtained in the County Court of Scurry County in Cause No. 513. He admits in his brief that: "If the Head judgment and execution sale was valid title to the lands passed out of Jordan into Looney who by mesne conveyances conveyed to the defendant. But if it was void no title passed and Jordan is entitled to recover unless he lost title by limitation or to an innocent purchaser for value without notice".

The contention here made by appellant has been considered by the courts of Texas many times.

In Treadway et al. v. Edward Eastburn, 57 Tex. 209, which appears to be the leading case, the contention was made that the record showed affirmatively that the court did not acquire jurisdiction over the person of the defendant because the sheriff's return showed that the publication of the citation was made on an impossible date. In disposing of this contention the court says:

"The return of the sheriff thereon was as follows: 'Came to hand July 30, 1866, and executed by publishing in the "Paris Press," a newspaper published in the county of Lamar, state of Texas, for successive four weeks previous to return day; this the 25th day of July, 1866. W. A. Cox, Sheriff of Lamar County.'

"The defect in the proceedings arises upon this return, as it is manifest from its date, that, by mistake or otherwise, the alleged publication as therein recited could not then have been made. The subsequent judgment, however, as shown by the record, contains the following recital: 'This day came the plaintiff by his attorney, and the said defendant Edward Eastburn failed to appear and answer, but wholly made default, although duly served with process,' etc.

\* \* \* \* \* \*

"It is a familiar rule, which, though it may work a hardship in a particular case, is founded and sustained upon reasons of great public policy, that all reasonable presumptions must be indulged in favor of the validity of domestic courts of record having general jurisdiction.

"If the uncontradicted recitals in the record show affirmatively that the court did not have jurisdiction over the subject matter, or that the jurisdiction over the person did not attach, then a presumption to the contrary will not be indulged. Otherwise the presumption in favor of the jurisdiction of the court would prevail in every case, and the mere rendition of the judgment would of itself 'import absolute verity.' To thus hold in cases where the record shows affirmatively want of jurisdiction, would itself impeach the record, and thus violate the very rule sought to be invoked—that the record cannot in a collateral proceeding be contradicted.

\* \* \* \* \* \*

"If, however, other parts of the record, and particularly the judgment, which is the final act of the court, entered upon full examination and consideration of all the necessary facts, should, as in the case now before us, recite the due service of process or other facts which would give the court jurisdiction of the person, then this would be a case in which it would affirmatively

appear that the jurisdiction had in fact attached, and the general rule would apply, that in a collateral proceeding this recital in the record imports absolute verity."

In Switzer et ux. v. Smith, 300 S.W. 31, 33, 68 A.L.R. 377, the Commission of Appeals says:

"It is the contention of plaintiffs in error that the recitation of due service is not conclusive against their right of attack, but that they would be allowed to show, and had shown, that the service in fact was not proper service.

"Since Treadway v. Eastburn, 57 Tex. 209, it has been the uniform holding of the courts in this state that, as against a collateral attack, the recitation of due service in the judgment proper is conclusive upon such matter, and may not be contradicted by other facts, whether appearing in the record or aliunde. Such recitation imports absolute verity. Martin v. Burns, 80 Tex. 676, 16 S.W. 1072; Gibbs v. Scales, 54 Tex.Civ.App. 96, 118 S.W. 188 (writ refused); Chapman v. Kellogg (Tex.Com. App.) 252 S.W. 151; Borders v. Highsmith (Tex.Civ.App.) 252 S.W. 270; Mariposa Mining Co. v. Waters (Tex.Civ. App.) 279 S.W. 576; Gillette's Estate v. State (Tex.Civ.App.) 286 S.W. 261; Barton v. Montex Corp. (Tex.Civ.App.) 295 S.W. 950."

See also Moreland et al. v. Quante, Tex. Civ.App., 134 S.W.2d 316; Laney et al. v. Cline et al., Tex.Civ.App., 150 S.W.2d 176; Robins v. Sandford et al., Tex.Com.App., 29 S.W.2d 969.

 The law evidently is that where the judgment itself contains a recitation or finding to the effect that citation or service has been had, as the judgment in No. 513 assailed finds, such recitation or finding imports verity and may not be impeached by other parts of the record.

In Empire Gas & Fuel Co. et al. v. Albright et al., 126 Tex. 485, 87 S.W.2d 1092, 1096, the judgment was attacked as null because of void service. The trial court excluded the citation and the Commission of Appeals in sustaining this ruling says:

"The trial court seems to have sustained objections to the introduction in evidence of the citation, to which proper exception was reserved. Such instrument is, however, copied in the statement of facts and may therefore be considered in connection with the recital 'though duly cited' in the judgment as affecting its validity.

"Those objections would be good in a direct attack upon the judgment in the court which pronounced it or in a higher court, upon appeal, writ of error, or certiorari. * * * But where judgments are collaterally assailed their jurisdictional recitals are not open to attack but import absolute verity."

Under this record these authorities, in our opinion, are conclusive against the appellant's contention.

 The testimony shows without controversy that appellant was advised in the year 1916 that the land had been sold under execution issued on the judgment in Cause No. 513; that appellant worked on the land involved in this controversy as an employee of the contractor engaged in drilling an oil well on the land in 1938; that the appellees each paid a valuable consideration for the interest adjudged to him; the judgment, the execution sale and the sheriff's deed were each regular on its face and each was without any notice of any fact or circumstance to put him on inquiry relative to any claim by appellant to the land involved. Williams et al. v. Young et al., 41 Tex.Civ.App. 212, 90 S.W. 940; Carpenter et al. v. Anderson, 33 Tex.Civ. App. 484, 77 S.W. 291; Crow et al. v. Van Ness et al., Tex.Civ.App., 232 S.W. 539.

The judgment is affirmed.