## LITTON v. WATERS.
### No. 11156.

Court of Civil Appeals of Texas.
San Antonio.
April 15, 1942.

Rehearing Denied May 13, 1942.

. Oxford, Haigh & Oxford, of Edinburg, for appellant.

Strickland, Ewers & Wilkins, of Mission, for appellee.

NORVELL, Justice.

A rather unusual case is presented by the record before us. Amos L. Litton has appealed from an order dismissing his suit wherein he asserted that a judgment rendered in his favor in 1928 should now be set aside and a new judgment entered upon the same cause of action which

formed the basis of the judgment attacked.

On July 9, 1928, Litton brought an action against appellee, Frank B. Waters, based upon a promissory note. The transcript contains a citation issued on July 10, 1928, which does not show the docket number of the suit, except by an endorsement on the back of the citation. The officer's return shows due service upon Waters.

On November 7, 1928, judgment was rendered in favor of Litton for the sum of $1,938.75. This judgment contains a recital that Waters was duly cited but made default.

On February 3, 1941, Litton filed what he styles a "First Amended Original Petition" which was docketed by the district clerk and filed under the same number as that assigned to the original suit, No. 6682. This petition was twice amended and the one before us is styled, "Third Amended Original Petition." In this petition Litton claimed that the original judgment was invalid because of a defect in citation, that the issuance of said citation did, however, prevent the running of the statute of limitations and that he was entitled to judgment upon the note executed by Waters. Litton prayed, inter alia, that "the court enter his order and/or judgment formally cancelling and striking from the judgment rolls such void judgment heretofore described."

[1] It seems that the trial court treated the filing of the "First Amended Original Petition" as the institution of a new suit, and as an attempted direct attack upon the former judgment. In view of the nature of the relief sought, this was a correct view of the legal situation presented by the pleading. 25 Tex.Jur. 586, § 186. After the amendments to the petition had been made, as above set forth, appellee filed numerous special exceptions to appellant's trial pleadings. The exceptions asserting that the petition showed upon its face that the cause of action was barred by the four year statute of limitations (Article 5529, Vernon's Ann.Civ.Stats.), as well as by the equitable doctrine of laches, were sustained by the trial court. Upon appellant's refusal to amend, the suit was dismissed.

■■ . The trial court's action was clearly correct. It is well settled that a direct attack in equity upon a judgment is subject to the bar of the four year statute, as well as the bar of laches, and this court has recently so held. Garcia v. Jones, Tex.Civ.App., 155 S.W.2d 671; Williams v. Coleman-Fulton Pasture Co., Tex.Civ. App., 157 S.W.2d 995.

In his reply brief filed herein appellant says that "this is not a suit to set aside a judgment." He seemingly contends that said judgment is a nullity which may be wholly disregarded. With this contention, we cannot agree.

■ A judgment is void and may be wholly disregarded only when a lack of jurisdiction of the court rendering the same is disclosed by the record of the judgment.

[5-8] Although the process is considered a part of the record, it does not follow that recitals of the judgment may be contradicted thereby. We do not pass upon the legal sufficiency of the citation shown in the transcript upon which the original judgment may have been based, for if it be considered that an invalid process is indicated by the record of the citation, the recitals in the judgment are controlling. It therefore appears from the record that due service of legal citation was had. It is only when the judgment is silent or ambiguous as to process that the contents of a citation have probative force in determining whether or not the judgment is void for want of jurisdiction over a party. As the judgment in this case contains a recital of due citation, it must be considered valid, unless and until it is set aside by direct proceedings instituted for that purpose. Jordan v. Texas Pacific Coal & Oil Co., Tex.Civ.App., 152 S.W.2d 875, writ refused; 25 Tex.Jur. 853, § 328.

■ Appellant's suit therefore fails whether it be regarded as a direct attack or a collateral attack upon the judgment. If it be regarded as no attack upon the judgment, the suit likewise fails, as such cause of action as appellant may have had, based upon the promissory note, became "extinguished as a justiciable matter and no further suit can be maintained upon it as long as the judgment remains in force and effect." 26 Tex.Jur. 29, § 361.

The judgment of the trial court is affirmed.