**HALL v. ALOCO OIL CO. et al.**

No. 5465.

Court of Civil Appeals of Texas. Amarillo.

Sept. 14, 1942.

Rehearing Denied Oct. 12, 1942.

W. D. Girand, of Lubbock, and Scarborough, Yates & Scarborough, of Abilene, for appellant.

Carl C. Mays, Verne H. Maxwell, Watkins & Mays, Bromberg, Leftwich, Gowan & Schmucker, Chas. B. Ellard, and S. M. Leftwich, all of Dallas, Stubbeman, McRae & Sealy and Whitaker, Perkins, Turpin & Smith, all of Midland, Joe E. Childers, of Abilene, Irving G. Mulitz, of Houston, Lawrence L. Barber, of Seagraves, and Carl Rountree, of Lamesa, for appellees.

FOLLEY, Justice.

The appellant, Ethel Hall, filed this suit against the Aloco Oil Company, and forty-one others, for the title and possession of an undivided one-half interest in 480 acres of land in Yoakum County described as the N. ½ and the S.E. ¼ of Section 764, Block D, John H. Gibson Survey. The appellees

are the various owners, respectively, of the fee, mineral, royalty, and leasehold estate in the land. The appellant pleaded her title in detail and the appellees filed a motion to dismiss the suit by reason of the alleged insufficiency of her petition, which motion was sustained by the court and the suit dismissed.

From the appellant's petition it appears that the land in question was acquired from the State of Texas in 1908 by H. C. Jordan, then husband of the appellant. At such time Jordan and the appellant resided as husband and wife upon an adjoining section as their homestead. The land thus acquired in 1908 was admittedly the community property of H. C. Jordan and the appellant, but it formed no part of their homestead. On October 7, 1912, Jordan fled from the State and permanently abandoned the appellant and their three children. In November, 1912, W. E. Head, one of Jordan's creditors, brought suit against him in the County Court of Scurry County upon a note for $350 executed by Jordan in 1910. It is uncontroverted that this obligation was a community debt. Mrs. Jordan, now the appellant Ethel Hall, was not named as a party to the suit. Jordan was cited by publication, a writ of attachment was issued, and the land in controversy was levied upon. On July 10, 1913, after an attorney ad litem had been appointed to represent Jordan, Head recovered judgment against him in the Scurry County suit for debt and foreclosure of his attachment lien, and on November 4, 1913, the property involved was sold at sheriff's sale to B. H. Looney, predecessor in title to the appellees, all of whom claim under the Head judgment and sheriff's deed. Thereafter, in 1916, the appellant was granted a divorce from H. C. Jordan.

In a suit prior to the instant one, involving another tract of land and other parties, Jordan v. Texas Pac. Coal & Oil Co. et al., Tex.Civ.App., 152 S.W.2d 875, writ refused, wherein H. C. Jordan attacked the same Scurry County judgment and sheriff's sale, this Court upheld the trial court's judgment denying him any recovery. In that suit Ethel Hall was a party defendant and also sought, but was denied, recovery of the land therein involved. We refer to our opinion in that case for such additional facts as may shed light upon the instant controversy.

The appellant herein contends that she is making no attack upon the proceedings in the Head case, but bases her claim solely upon the theory that by reason of Jordan's abandonment of her prior to the Scurry County suit, the status of the property automatically changed and she became the custodian of the community property and, as such, was a necessary party defendant in any suit that sought to subject her interest in the community property to the payment of community debts, and not having been made a party to such suit, she asserts she is not bound thereby.

■ We are not in accord with appellant's contention in this respect. Except in cases specially excepted by law, not here material, it is elementary that in respect to community property the wife will be bound by a judgment against her husband whether he was plaintiff or defendant, though she was not a party in name to the proceedings. This apparently is based upon the doctrine of virtual representation in that the husband is by law made the representative of her interests. 23 Tex.Jur. 336, par. 288; Cooley v. Miller et al., Tex. Com.App., 228 S.W. 1085; Starr et ux. v. Schoellkopf Co., 131 Tex. 263, 113 S.W. 2d 1227. In this connection, however, the appellant contends that her rights in the property were not reached by the judgment and sale in question, because the husband having abandoned her, she had the exclusive right of control, management, and disposition of the community property, and the legal fiction no longer obtained, that where the husband is a party to such a suit, the wife is also a party. The authorities do not seem to support appellant's contention in this respect.

In the case of Howell v. Fidelity Lumber Co., Tex.Com.App., 228 S.W. 181, 183, the court had under consideration a default judgment rendered against Howell in a trespass to try title suit in 1906. The lumber company held under that judgment and sued Mrs. Howell for title and possession of the land therein involved. Mrs. Howell proved that her husband was insane at the time of the 1906 suit and urged that because of his insanity the title and management of the property had passed to her and, as she was not served in the suit, the court acquired no jurisdiction over her. The court held in that collateral attack that Mrs. Howell was not a necessary party to such suit and that the judgment against the insane husband was binding upon the community estate, and in making such holding stated:

"As she was not a necessary party to the suit, the judgment against the husband, who was non compos mentis at the time of its rendition, is binding and conclusive upon him and upon the community estate, is not to be impeached in any collateral action, and stands as a valid adjudication until annulled or reversed in some direct proceeding for that purpose."

By analogy it seems that if the wife was not a necessary party in a suit against her insane husband, involving community property, certainly she would not be a necessary party in a similar suit against him where he had abandoned her.

In the case of King v. King, 41 Tex.Civ. App. 473, 91 S.W. 633, the husband abandoned the wife and subsequently returned to their home and surreptitiously took certain personal property belonging to the community and turned it over to his father in payment of community debts. The wife sued the father-in-law to recover this property. The court in that case held that although the wife thus abandoned might dispose of the community property as the exigencies of her situation required, such right of disposition was not exclusive against her husband and did not forfeit his right to sell the property in payment of the community debts or to otherwise dispose of it. In that case the court made the further observation that abandonment of the wife by the husband does not deprive the husband of his interest in the community property nor of his concurrent right to dispose of it, and that the only restriction placed upon his power of disposing of such property was found in Article 2983, Revised Statutes of 1895, now Article 4634, Vernon's Annotated Civil Statutes, relative to debts created or land sold after suit for divorce is instituted.

A similar case with reference to real property is that of Ragley-McWilliams Lumber Co. v. Davidson et al., Tex.Civ. App., 152 S.W. 856. In that case one Cosgrove and wife separated shortly after their marriage in 1891. While the marriage relationship existed they purchased 200 acres of land in Sabine County as their community property. After the separation Mrs. Cosgrove thought Cosgrove dead and without securing a divorce from him married E. N. Stone. But Cosgrove was not dead. He reappeared in 1903 and conveyed the entire tract of land to J. D. La Brie, from whom it was acquired, by proper transfers, by the Ragley-McWilliams Lumber Company. In a suit between the wife, whosesoever she was, and the lumber company it was held that, in the absence of fraud on the rights of the wife, and no homestead rights being involved, the husband Cosgrove was competent to convey the community property without joinder of the wife, and that this power of control and disposition continued until the marriage relationship was legally dissolved.

The decisions relied upon by the appellant in presenting her theory of this case involve sales made by an abandoned wife and go no further than to hold that a wife who has been abandoned by her husband may manage and dispose of the community property for the support of herself and family, and in such instances her disposition of the community property has been upheld. But none of such cases involved the concurrent right of the husband to dispose of such property after the abandonment. As applicable to the instant case, if a husband who abandons his wife still possesses the right to dispose of the community property, as indicated in the King and Davidson cases, does it not follow that a court having jurisdiction of such property may subject it to the payment of the community debts without the joinder of the wife? We think the answer to this question is that if the appellant had been named as a party to the Scurry County suit, she could not have prevented the court from doing that very thing. We therefore conclude that under this record the appellant was not a necessary party to the Scurry County suit and is bound thereby. Teague v. Lindsey, 31 Tex.Civ.App. 161, 71 S.W. 573; Gabb et al. v. Boston et al., 109 Tex. 26, 193 S.W. 137; Starr et ux. v. Schoellkopf Co., supra; Hensley et al. v. Lewis et al., 82 Tex. 595, 17 S.W. 913; Moore v. Moore, 73 Tex. 382, 11 S.W. 396, Jergens v. Schiele, 61 Tex. 255.

The judgment is affirmed.